509 P.2d 227

Sofia MOCTEZUMA, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Arizona Slack Corporation, Respond-
ent Employer,

Globe Indemnity Company and Royal Globe
Insurance Companies, Respond-
ent Carriers.

No. I CA–IC 793.

Court of Appeals of Arizona,
Division 1,
Department B.

May 3, 1973.

Harlan Heilman, Yuma, for petitioner.

William C. Wahl, Jr., Chief Counsel,
The Industrial Comm. of Arizona, Phoenix,
for respondent.

Glen D. Webster, Jr., P. C., Phoenix, for
respondents employer and carriers.

JACOBSON, Chief Judge of Division 1.

This appeal by way of writ of certiorari
from an award of the Industrial Commis-
sion challenges the suspension of the peti-
tioner-claimant's compensation benefits be-
cause of her alleged failure to follow a
weight reduction program. The sole issue
for consideration is whether the suspension
of benefits on the stated grounds is sup-
ported by the evidence adduced at an evi-
dentiary hearing held by the Commission.

The petitioner, Sofia Moctezuma, suf-
fered an industrial injury to her back on
September 24, 1969, while performing her
work as a seamstress for the respondent
employer. She weighed approximately 212
pounds at that time. By notice of claim
status issued February 11, 1970, the re-
spondent insurance carrier accepted peti-
tioner's claim for benefits. Compensation
continued until October 12, 1970, when the
carrier suspended compensation upon ad-
vice that the petitioner was not following
the weight reducing program recommended
by her doctors. However, compensation
benefits were reinstated on November 9,
1970, on the basis that the petitioner would
faithfully follow this program in the fu-
ture.

On July 23, 1971, a notice of claim status
issued by the carrier again suspended all
benefits for the reason that "claimant has
not followed weight reducing program set

up for her by her attending physician which has resulted in a continuing disability." Petitioner filed a timely request for a hearing, which was held on December 7, 1971, the outcome of which was the Commission's affirmance of the respondent carrier's action. This appeal followed.

The respondent carrier concedes that this appeal involves an interim claims administration problem with the petitioner who will be entitled to compensation and medical benefits should she follow the Commission's directive and still be unable to resume work as a seamstress.

At the December 7, 1971, hearing only Mrs. Moctezuma and her consulting physicians, Drs. Robert B. Bailey and William A. Phillips, testified.

The medical testimony indicated that Mrs. Moctezuma would feel better physically if she lost some weight, hence, the weight reducing program set up for her by Dr. Bailey, her family physician.[1]

The evidence presented at the hearing shows that Mrs. Moctezuma weighed "about two-hundred and twenty-some pounds" when she began working for the respondent employer; 212 pounds at the time of her injury; 217 and 219 at some point between October 1970 and February 1971; 228 in February 1971; 235 in July 1971; 234¼ in October 1971; and 232 at the time of the hearing in December 1971.

Mrs. Moctezuma was first put on a diet in December 1969 when she was hospitalized for her industrial injury. She did not lose any weight during hospitalization.

In March 1970, petitioner was hospitalized again for 28 days for back surgery. Again Mrs. Moctezuma was put on a hospital diet, and she lost four pounds. After petitioner left the hospital, Dr. Bailey prescribed a diet for her, which she stated she followed.

There is no record of the petitioner's weight reducing efforts or progress between March and October 1970, except that compensation was suspended and then reinstated retroactively in October and November 1970 after the respondent carrier received information from Dr. Bailey that Mrs. Moctezuma would continue the prescribed diet schedule.

Mrs. Moctezuma continued her diet, visited Dr. Bailey frequently, and joined a local Weight Watchers Club. Her weight reflects the downward progress. In a letter to the respondent carrier dated January 3, 1971, Dr. Bailey stated that petitioner was "faithfully following the weight watching program and she is down to 219 pounds and gradually improving."

Thereafter, however, petitioner left the Weight Watchers Club which she had joined because she did not like certain of their suggested diets and began having difficulties with keeping her weight down.

Petitioner contends that two hospitalizations in March 1971 (gall bladder surgery and Fallopian tubal ligation) and in August 1971 (emotional relapse) hindered her weight reducing efforts. These hospitalizations, however, which had nothing to do with the industrial injury, were not a serious setback to the favorable progress of the weight reducing prognosis. The March 1971 surgery was not really of a major nature, requiring post-operative relaxation only for a short time, while during the August 1971 hospitalization petitioner "was in bed most of the time." Dr. Bailey testified as follows:

"Q. Doctor, then the March hospitalization in your opinion, we have a history then she is starting to increase weight and so forth and so on. Can you characterize that hospitalization as being a setback to what appears to be a favorable prognosis as existed in January, '71, as far as the weight program is concerned?

---

1. Dr. Bailey testified that, "I haven't any doubt she would feel better if she would lose weight," while Dr. Phillips agreed that "the less she weighed the better she would be able to get about."

"A. I don't see why that would be related to it at all."

Mrs. Moctezuma was physically inactive between February and October 1971, although the hospitalizations did not require a high degree of physical inactivity. Although Mrs. Moctezuma testified at the hearing that she was presently on a diet, the record does not indicate that she followed the weight reducing program during the period from February to December 1971. Mrs. Moctezuma's increase in weight after January 1971 appears to have been due to her physical inactivity and failure to follow the prescribed weight reducing program. Indeed, the month prior to the March 1971 hospitalization, Mrs. Moctezuma weighed only four pounds more than at the time of the hearing.

Petitioner contends that she is one of those persons who regardless of their persistent efforts cannot lose weight. Mrs. Moctezuma, however, was successful in bringing her weight down remarkably between October 1970 and February 1971, and her own family physician never doubted her ability to lose weight, if the proper dietary regime was strictly followed. Dr. Phillips agreed with this confidence of Dr. Bailey.

We are of the opinion that the evidence supports the award of the Commission that petitioner failed to follow her physician's advice and, therefore, affirm the award suspending compensation because of this failure. *See*, Montano v. Industrial Commission, 18 Ariz.App. 58, 500 P.2d 318 (1972); Raymer v. Industrial Commission, 18 Ariz.App. 184, 501 P.2d 25 (1972).

Award affirmed.

EUBANK, P. J., and OGG, J., concur.

*Note*: HAIRE, J., having requested that he be relieved from consideration of this matter, OGG, J., was called to sit in his stead and participate in the determination of this matter.