558 P.2d 708

**PIMA COUNTY BOARD OF SUPERVI-
SORS, Petitioner Employer,**

**The Home Insurance Company,
Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION of
Arizona, Respondent,**

**Beverly Grewing, Respondent Employee.**

No. 1 CA–IC 1496.

Court of Appeals of Arizona,
Division 1,
Department C.

Nov. 18, 1976.

Rehearing Denied Dec. 16, 1976.

Petition for Review Denied Jan. 11, 1977.

Everett, Bury & Moeller, P. C. by J. Michael Moeller, Tucson, for petitioners.

John H. Budd, Jr., Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Johnson, Hayes & Dowdall, Ltd. by Dee-Dee Samet, Tucson, for respondent employee.

OPINION

FROEB, Judge.

This is a review of an award of the Industrial Commission which suspended Respondent Beverly Grewing's temporary benefits on July 8, 1975, with no award for permanent disability. Petitioner Pima County Board of Supervisors contends that termination of Beverly Grewing's benefits should have been made effective some four months earlier on February 28, 1975.

Beverly Grewing, a nurse's aide, was injured on April 26, 1974, at the Pima County Nursing Home when a patient rolled on her arm, injuring her wrist and thumb. She thereafter filed a claim for workmen's compensation benefits which was accepted on May 17, 1974. The carrier terminated benefits on February 28, 1975, and discharged her with no permanent disability. Follow-

ing a timely request for hearing, the Industrial Commission extended benefits to July 8, 1975, at which time Grewing was discharged with no permanent disability. After the award was affirmed on review, petitioner sought relief in this court.

The course of treatment following the injury on April 26, 1974, led to surgery on the extensor tendons of Beverly Grewing's left wrist by Dr. Roger Grimes on June 11, 1974. As the pain in the area did not subside, she visited Dr. John W. Madden, a hand specialist, on December 13, 1974, who saw her periodically thereafter. His prescribed treatment for the condition was the use of a hand brace, the purpose of which was to stabilize the wrist and hand so as to prevent re-injury while it healed. He released Grewing for light work in March, 1975, when a physical examination showed that her hand had improved. She returned to Dr. Madden on July 8, 1975, at which time he found that many parts of her wrist were normal and pain-free, although she complained of discomfort in the wrist when it was moved in a certain direction. Dr. Madden was at a loss to explain the continuing discomfort and discontinued treating her, since he felt there was nothing further he could do.

The hearing officer terminated Grewing's benefits as of July 8, 1975, with no permanent disability. Conceding that there is no permanent disability, petitioner contends that the date terminating benefits was incorrectly fixed. Petitioner contends that the termination should have been effective on February 28, 1975, in view of A.R.S. § 23–1027, which limits payment of benefits where the injured worker unreasonably fails to follow prescribed medical treatment.

The evidence, as it relates to this issue, focuses on whether Grewing adequately followed Dr. Madden's advice that she wear the hand brace while doing certain activities. There is some conflict in the record as to how faithfully the brace was worn. While Grewing maintained she wore it most of the time, there was evidence both on film

as well as from witnesses that she did not wear it on certain occasions while bowling and doing housework. When queried about Grewing's progress as a patient, Dr. Madden stated that he was at a loss to explain why the pain continued for so long unless the hand was repeatedly re-injured. He called the injury a minor sprain and said he had never seen one like it that had not been cured in the period involved here (approximately 18 months).

To support its contention that payments should have been terminated some four months earlier, petitioner points to testimony of Dr. Madden that if the hand had been kept pain-free for three months by wearing the brace, "the chances of it becoming good permanently would be excellent." He acknowledged that he repeatedly admonished her to keep her hand in the brace during the period he treated her.

■ With this background, we turn to A.R.S. § 23–1027, which reads as follows:

No compensation shall be payable for the death or disability of an employee if his death is caused by, or insofar as his disability may be aggravated, caused or continued by an unreasonable refusal or neglect to submit to or follow any competent or reasonable surgical treatment or medical aid.

In a case such as this, the Commission must determine if there has been neglect or unreasonable refusal to follow prescribed treatment, and, if so, at what point the claimant's condition becomes attributable to the claimant's unreasonable conduct rather than the job-related injury. Factors bearing on this are the degree of neglect or unreasonableness, the normal or expected recovery period, the complexity of the treatment, and the degree of difficulty in following it. Cf. *McFadden v. Six Companies Inc.*, 46 Ariz. 195, 49 P.2d 1001 (1935); *Rowe v. Industrial Commission*, 20 Ariz. App. 77, 510 P.2d 388 (1973); *Moctezuma v. Industrial Commission*, 19 Ariz.App. 534, 509 P.2d 227 (1973).

■ In the present case, the evidence reasonably supports the determination of

the hearing officer that July 8, 1975, was the date on which the continuing pain in Beverly Grewing's hand was the result of her neglect and not the result of her work-related injury. Although there is an inference arising from Dr. Madden's testimony that the hand would have healed completely by February 28, 1975, if Beverly Grewing had worn the brace as prescribed, there was sufficient evidence that an additional three month recuperation was not reasonably attributable to neglect, but merely to laxity in wearing the brace not amounting to neglect or unreasonable refusal. In other words, taking into account the patient, the condition, the injury and the treatment, the hearing officer was justified in allowing Grewing some leeway before determining that the pain in her hand was the result of her own neglect rather than the injury. To hold otherwise would be to say that a minor instance of failing to follow a medical regimen would terminate benefits without regard to whether the omission was unreasonable.

We hold there was sufficient evidence to sustain the findings and award of the Commission and therefore will not disturb them on review. *Micucci v. Industrial Commission*, 108 Ariz. 194, 494 P.2d 1324 (1972).

AFFIRMED.

HAIRE, C. J., and JACOBSON, J., concur.