CONWAY CONVALESCENT CENTER
*v.* Elva MURPHREE

CA 79-53                                    588 S.W. 2d 462

Opinion delivered October 10, 1979
and released for publication October 31, 1979

*Thomas M. Bramhall,* for appellant.

*Guy Jones, Jr.,* for appellee.

JAMES H. PILKINTON, Judge. This case was appealed to the Arkansas Supreme Court and by that court was assigned to the Arkansas Court of Appeals pursuant to Arkansas Supreme Court Rule 29(3).

The claimant-appellee suffered a back injury when she attempted to lift a patient in the course of her employment as an aide working for appellant-Convalescent Center. The administrative judge denied her claim for total disability compensation under the Arkansas Workers' Compensation Act. Upon claimant's appeal to the Workers' Compensation Commission she was awarded compensation. The Circuit Court affirmed the finding of the Commission and the Convalescent Center lodged this appeal.

The appellant contends the award is not supported by substantial evidence in that all of the medical evidence indicated the claimant's present problems to be unrelated to her compensable injury.

The claimant is a 5'4" female weighing between 275 and 295 lbs. The evidence shows the claimant to have been obese all of her adult life. In spite of her excessive weight she has been a physically active person. The record reflects a lifetime of strenuous physical activity. The claimant did farm labor, custodial work, lifted heavy trash containers, performed all the duties which accompany raising six children on a farm. In addition to her domestic chores she worked long hours away from her home. Claimant was excessively overweight when the Convalescent Center employed her. She worked one year and eight months and was able to perform the duties expected of her by her employer, the appellant. On April 28, 1977 the claimant injured her back while lifting a patient. Dr. Hall of Clinton was the first doctor examining the claimant. He referred her to an orthopedist, Dr. Runyan, who also referred her to Dr. Adametz, a neurologist. Later the claimant was examined by Dr. Smith of Conway who referred her to another orthopedist, Mr. Mulhollan. All of the doctors agree that claimant did hurt her back on the job. They all agree that she is totally disabled at present. They agree the

claimant suffered a posterior longitudinal ligament strain on April 28 which began a "vicious cycle". The pain from the injury initially kept the claimant immobile. The immobility has caused an increase in her weight. The obesity aggravates her condition, which causes pain, which keeps her immobile. The doctors agree the injury was the precipitating factor — or as Dr. Mulhollan expressed it "was the straw which broke the camel's back". The doctors indicate the disability at present is due to the claimant's obesity and not due to the April 28 injury. The Workers' Compensation Commission rightly held the back problem and the obesity are now inseparably intertwined in the so-called "vicious cycle". The individual weakness of obesity cannot be fairly separated from the injury. The employer and its insurance carrier accepted this individual as a workers' compensation risk at the time of her employment and throughout her employment. Her weakness, obesity, was obvious at the time she was hired.

The claimant contends the back injury aggravated a pre-existing condition of degeneration of delicate tissues which had developed because of many years of hard physical labor engaged in by an enormously obese body.

*Larson, Workmen's Compensation Law,* §12.20, p. 3-276, 3-307 states:

> Pre-existing disease or infirmity of the employee does not disqualify a claim under the 'arising out of employment' requirement if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the death or disability for which compensation is sought. This is sometimes expressed by saying that the employer takes the employee as he finds him.

*McGregor & Pickett* v. *Arrington,* 206 Ark. 921, 175 S.W.2d 210 (1943); *Green* v. *Lion Oil Co.,* 215 Ark. 305, 220 S.W.2d 409 (1949); *Safeway Stores, Inc.* v. *Harrison,* 231 Ark. 10, 328 S.W.2d 131 (1959). Also at p. 3-312 of *Larson* " . . . The pre-existing condition may be any kind of weakness." *Shainberg* v. *Dacus,* 233 Ark. 622, 346 S.W.2d 462 (1961).

The claimant's weakness is her degenerative disc disease

with marked degenerative changes and also narrowing of two disc spaces which pre-existing condition continues to be chronic because of her obesity.

When an industrial injury precipitates a disability from a latent prior condition, such as heart disease, cancer, back disease and the like, the entire disability is compensable. *McDaniel* v. *Hilyard Drilling Co.*, 233 Ark. 142, 343 S.W.2d 416 (1961); *Wilson Hargett Constr. Co.* v. *Holmes*, 235 Ark. 698, 361 S.W.2d 634 (1962); *Finkbeiner, Inc.* v. *Flowers*, 251 Ark. 241, 471 S.W.2d 772 (1971).

Whether or not employment aggravated, accelerated, or combined with the internal weakness or disease to produce the disability is a question of fact, not law, and a finding of fact on this point by the Commission based on any medical testimony will not be overturned unless the evidence is insufficient to support the finding. *Starrott* v. *Namour*, 219 Ark. 463, 242 S.W.2d 963 (1951).

The Commission found that claimant has been temporarily and totally disabled beginning April 29, 1977, through a date yet to be determined for which claimant is entitled to compensation.

The Commission also ordered that: (1) the issue of permanent disability, if any, (2) the end of the healing period, and (3) vocational rehabilitation shall be held in abeyance pending further medical examination and possible treatment or surgery.

The above award and findings are supported by substantial evidence.

Affirmed.

Penix, J., dissents.

Marian F. Penix, Judge, dissenting. All of the medical testimony indicates claimant's disability at present is due to the claimant's obesity and not to the April 28 injury. It is clear that the was grossly overweight prior to the injury.

Since the injury her weight has increased by at least 50 lbs. By her own testimony she acknowledged her obesity was from over-eating (T.29) and from not having anything else to do but to eat. (T.30)

Dr. Runyan referred claimant to Dr. Kerry Ozment to evaluate her for a stapling procedure. Dr. Runyan testified the claimant is going to become an "orthopedic disaster" from her weight problem. The stapling procedure is a new surgical device used on the stomach by which patients are assisted in weight reduction.

Claimant's situation may be compared to a person with a ruptured disc which renders that person totally disabled because the person refuses reasonable surgery which probably would reduce the disability to 10%-15%. There is no substantial evidence the claimant is totally disabled because of the back injury — but rather is totally disabled because she refuses or is unable to lose weight.

The Commission divided 2-1 in making a finding which disregards the opinions of both orthopedic physicians. These medical issues are peculiarly within the realm of scientific knowledge.

A more than generous application of the Workers' Compensation Law would be for the Commission to determine the feasibility and advisability of intestinal surgery for claimant as doctors have testified that a substantial reduction in weight would reduce her disability and would indeed lengthen her life span. The Workers' Compensation Law should not be distorted into paying claimant for the remainder of her life as a reward for her refusal to correct her obesity any more than paying for life a claimant who refuses corrective back surgery.

The question whether refusal of treatment should be a bar to compensation turns on a determination whether the refusal is reasonable. Reasonableness in turn resolves itself into a weighing of the probability of the treatment's successfully reducing the disability by a significant amount, against the risk of the treatment to

the claimant. *Larson's Workmens' Compensation Law,* §13.22, p. 3-398.

In an Arizona case the claimant sustained a back injury. Because she was overweight her doctors put her on a diet and stated she would be better off if she lost weight. Claimant failed to follow the prescribed diet, and compensation benefits were suspended due to her failure to follow doctor's orders. *Moctezuma* v. *Industrial Commission,* 19 Ariz. App. 534, 509 P.2d 227 (1973).

Ark. Stat. Ann. §81-1311 provides:

> . . . Where an injured person unreasonably refuses to submit to a surgical operation which has been advised by at least two (2) qualified physicians and where such recommended operation does not reasonably involve risk of life or additional serious physical impairment the Commission may, in fixing the amount of compensation, take into consideration such refusal to submit to the advised operation . . .

This case should be remanded to the Commission for its determination whether surgery should be provided for claimant to precipitate a substantial weight loss. If surgery is found to be indicated the Commission could require the insurance carrier to pay for such medical procedure. This would be justified in view of the medical evidence the back injury initially was the precipitating factor leading to the claimant's period of temporary total disability, even if that no longer is the situation. I do therefore respectfully dissent.