Christine E. HAMMER *v.* INTERMED NORTHWEST and ROCKWOOD INSURANCE COMPANY

CA 80-253                               603 S.W. 2d 913
Court of Appeals of Arkansas
Opinion delivered September 17, 1980
Rehearing denied October 22, 1980

*Robert R. Cortinez*, Little Rock, for appellant.

*Thomas M. Bramhall*, Little Rock, for appellees.

ERNIE E. WRIGHT, Chief Judge. The appellant Christine E. Hammer brings this appeal from the decision of the Workers' Compensation Commission finding that she had failed to establish her right to further compensation benefits by a preponderance of the evidence and denying her claim.

The appellant, on January 11, 1978, sustained a compensable injury to her back and right leg when she fell in the course of her work for appellee Intermed Northwest. Prior to filing her claim, appellees paid claimant's medical expenses and total temporary disability benefits from June 12, 1978 to February 2, 1979. A hearing was held on April 19, 1979, before the administrative law judge to determine whether claimant was entitled to further disability benefits. The judge found claimant's healing period ended February 2, 1979, and that no disability from the injury existed after that date. Further benefits were denied. On appeal the Commission adopted the findings of the administrative law judge and denied the claim for further benefits.

For reversal appellant contends the evidence shows claimant continued to be temporarily totally disabled as a result of the injury, is unable to work, and that she would still be able to work but for the compensable injury.

The issue on appeal is whether there is substantial evidence to support the findings of the Commission. If so, the decision of the Commission based on such findings will be affirmed on appeal. Where the evidence is conflicting it is

within the province of the Commission to weigh the evidence and draw any appropriate inferences therefrom. *King* v. *Puryear Wood Products*, 254 Ark. 452, 494 S.W. 2d 123 (1973).

The claimant was 54 years of age and sustained a strain to her back and a sprain to her right knee when she fell while working. X-rays and other examinations failed to reveal any bone fracture. She was treated conservatively by her physician, Dr. Lester, who saw her on several occasions. On January 31, 1979, Dr. Lester reported he felt claimant could attempt to return to work. Claimant returned to work February 3, 1979, and worked three days. She developed a headache and discontinued working. She now does light housework and some yard work.

The evidence shows appellant is five feet tall and her weight varies from 280 to 290 pounds. She has significant hypertension with blood pressure of 210/100. She was obese prior to the injury and her excessive weight and hypertension are not attributable to the injury. Dr. Blankenship, who examined claimant on February 21, 1979, testified in a deposition his only objective finding that could explain part of her complains of pain is her obesity which he characterized as voluntary. He stated that from an objective standpoint the claimant has no disability from the injury. His report dated February 29, 1979, concluded by stating:

It is my feeling, however, that this lady can resume her present job if she so desires.

When Dr. Blankenship was asked the question in his deposition as to what was claimant's permanent partial disability, his answer was, "Okay, it's none."

Although the claimant's own testimony and some medical evidence tended to show claimant suffered disability after February 2, 1979, the date determined as the end of the healing period, and that the injury was a factor in the continuing disability, we conclude there is substantial evidence to support the finding the healing period ended February 2, 1979, and that claimant suffered no disability resulting from the injury after that date. There is substantial evidence to

support the view that if claimant was disabled, the disability was a result of obesity and hypertension and not attributable to the injury.

Secondly, appellant contends compensation should not be forfeited unless an injured employee has had the opportunity to refuse medical treatment at the employer's expense.

There was no finding by the administrative law judge or the Commission that appellant forfeited compensation benefits for refusal of medical treatment. The claimant testified she knew her weight was a problem and that on her own volition she went to a physician in August, 1978, to participate in a weight reduction program. Her treating physician did not prescribe enrollment in a formal professionally supervised weight reduction program. Her entry in the program was her own decision. She lost a few pounds, but did not follow through with the program. The record does not support appellant's contention she was denied benefits for failure to follow through with the weight reduction program for her overweight condition which had existed prior to the injury.

Affirmed.