SAFEWAY STORES, INC. *v.*
Charlotte McDOWELL

CA 81-167                                              621 S.W. 2d 15

Court of Appeals of Arkansas
Opinion delivered September 16, 1981

*Tom Forrest Lovett, P.A.*, by: *Tom F. Lovett*, for appellant.

*John W. Walker, P.A.*, by: *James P. Massie*, for appellee.

TOM GLAZE, Judge. This Workers' Compensation case involves one primary issue: whether the claimant's injury was substantially occasioned by her wilful intention to bring about the injury of another as contemplated under Ark. Stat. Ann. § 81-1305 (Repl. 1976). The relevant provisions of § 81-1305 provide:

> ... there shall be no liability for compensation under this Act ... where the injury or death from injury was substantially occasioned by ... wilful intention of the injured employee to bring about the injury or death of himself or another.

The Commission upheld the Administrative Law Judge's decision that the claimant's actions were not a bar to compensation benefits under § 81-1305. The Commission relied in part on certain legal principles enunciated in *Johnson* v. *Safreed*, 224 Ark. 397, 273 S.W. 2d 545 (1954). Appellant argues the Commission misconstrued the *Safreed* case, and that it incorrectly applied the rules adopted in *Safreed*. Moreover, appellant contends that if the Commission applied the correct law as provided in § 81-1305, as amended, and as required by the decision in *Safreed*, the evidence presented to the Commission would warrant a holding to deny benefits to claimant.

When the court rendered its decision in *Safreed*, § 81-1305 read that the injury in question must be "solely" occasioned by the wilful intent of the employee to injure himself or another. In 1976, the General Assembly amended the Act and substituted the word "substantially" for solely. Although we discuss the facts at bar in more detail later, we do not agree with appellant's argument that the evidence reflects that the injuries incurred by claimant were substantially occasioned by her attempt to inflict injury on a male customer leaving appellant's store. Nor can we accept appellant's contention that the legal principles enunciated in *Safreed* would bar the type conduct manifested by claimant in the case at hand. As noted by appellant, the court in *Safreed* stated:

> Of course, where the aggression of the claimant is so

violent as to come within the express legislative exceptions of wilful misconduct or wilful intent to injure, he may not recover even though the assault arises out of the employment.

However, in the same paragraph in which the statement above appears, the court continued as follows:

The applicable rule is stated in Larson's Workmen's Compensation Law, § 11.15(d), as follows: "The words 'wilful intent to injure' obviously contemplate behavior of greater gravity and culpability than the sort of thing that has sometimes qualified as aggression. Profanity, scuffling, shoving or other physical force not designated to inflict real injury do not seem to satisfy this stern designation. *Moreover ... the adjective 'wilful' rules out acts which are instinctive or impulsive, so that even violent blows might fail to give rise to this defense if they were spontaneous and unpremeditated.*" [Emphasis supplied.]

Applying the provisions of § 81-1305, as amended, and the foregoing rule adopted in *Safreed*, the Commission found the acts of claimant essentially spontaneous and held her injury compensable. On review, we must now view the evidence in the light most favorable to the Commission's decision and uphold that decision if supported by substantial evidence. *Office of Emergency Services* v. *Home Insurance Company*, 2 Ark. App. 185, 618 S.W. 2d 573 (1981).

The claimant testified two male customers came to her check stand, and one of the men claimed he got glass in his foot. When she told him to check with store management, he said that he did not have to check with anybody, she was standing right there and that "he was going to sue some damn body ..." The claimant asked the man if there was anything else he wanted and he said, "cigarettes." She explained that the man complained about the kind (brand) of cigarettes given him and during this exchange and her returning his change for payment of groceries, he called her a vulgar name. She then refused to wait on him and stepped

to the end of the counter where he pushed her and caused her to fall into the baskets. A fight ensued between the claimant and the two men and she related one man held her while the other hit her in the stomach. She stated that she grabbed one man's hair and held on to him.

Although the two men involved in the fight did not testify, four employees of appellant did. Three of these employees admitted they had not seen the events preceding the altercation but did see the ensuing fight. One of the employees did see her hit a man "as he was reaching for her," and claimant was positioned at the end of her check stand. A second employee heard claimant accuse one of the men of hitting her and another overheard one of the men state he "was going to bust her skull." None of these employees recalled the men striking claimant nor seeing her fall into the baskets. There was a variance in the testimony of the four employees when each related where claimant was positioned in the store when she physically encountered the two men. Testimony of one employee is consistent in this respect with that of claimant's while the testimony of the other three employees is in complete conflict with the account given by the claimant.

Where the evidence before the Commission is conflicting, it is within the province of the Commission to weigh the evidence and draw any appropriate inferences therefrom. *Hammer* v. *Intermed Northwest*, 270 Ark. 262, 603 S.W. 2d 913 (Ark. App. 1980). The Commission found that the dispute arose between the claimant and the two men over the sale of some cigarettes and that the evidence taken as a whole reflects that the acts involved in the altercation were spontaneous. We believe these findings and inferences were, indeed, appropriate, and we, therefore, affirm the Commission's holding.

Aside from the evidence mentioned above and which we believe substantially supports the Commission's holding, we also note that it may have considered the fact that the two men involved in the fight failed to testify. The Administrative Law Judge had concluded that the Commission was entitled to presume that the testimony of these witnesses

would have been negative to the appellant, and he cited the case of *Brower Manufacturing Company* v. *Willis*, 252 Ark. 755, 480 S.W. 2d 950 (1972). Since we conclude there is sufficient evidence to otherwise support the Commission's decision, any significance given the two men's absence is of no import. Suffice it to say, we do not agree that the facts at bar warrant the application of the rule in *Brower* and as relied on by the Administrative Law Judge.

Affirmed.

Corbin, J., dissents.