Nonie PERRY *v.* LEISURE LODGES, INC.

86-128                                          718 S.W.2d 114

Court of Appeals of Arkansas
Division I
Opinion delivered October 30, 1986

*Don G. Gillaspie*, for appellant.

*Gerald D. Lee*, for appellee.

LAWSON CLONINGER, Judge. This appeal arises from the Workers' Compensation Commission's finding that appellant's second gastric bypass surgery was not compensable. Appellant argues that the Commission's decision was barred by *res judicata* and, in the alternative, that the Commission's findings were not supported by substantial evidence. Although we disagree with appellant's first argument we do find that the Commission's findings are not supported by substantial evidence and reverse and remand.

Appellant, Nonie Perry, sustained a compensable injury while employed as a licensed practical nurse with appellee, Leisure Lodges. On June 12, 1981, appellant was assisting a patient to the dining room when the patient became violent and pushed appellant over a wheelchair, causing appellant to injure her back. At the time appellant was five feet four inches tall and weighed about 294 pounds. Because of her obesity, appellant's back injury was difficult to diagnose and treat, and her physician recommended that she undergo surgery which would greatly decrease the size of her stomach. The surgery was performed in January of 1982, and in October of 1982 the surgery was found to be necessary and reasonable and appellant was awarded benefits.

Appellant lost approximately 99 pounds as a result of the surgery. In July of 1984, appellant began gaining back some of the lost weight and having problems with her stomach. An x-ray revealed that some of the staples used in the gastric bypass

surgery had become loose. Her doctor, Dr. Harold Chakales, felt that appellant should have surgery again to correct the problem with the gastric bypass. Appellant returned to the doctor who had done the first surgery, Dr. Moises Menendez, but he felt that there were too many complications to risk surgery. Dr. Chakales then sent appellant to Dr. William F. Hayden, who recommended that the gastric bypass be revised and that appellant have a vagotomy and pyloroplasty, which would help prevent ulcers. Appellant had both of these procedures done plus Dr. Hayden corrected an incisional hernia.

In its opinion, the Commission found that appellant's volitional overeating caused the disruption of the staples and was an independent and intervening cause. The Commission found that appellant's second surgery was not compensable and that her first healing period had ended on July 12, 1982. The Commission did award appellant a four week period of temporary total disability covering the period of time she was hospitalized for epidural injections.

Appellant's first argument, that the Commission's finding is barred by *res judicata*, is without merit. It is appellant's contention that, since the first gastric bypass surgery was found to be compensable, then the law of the case requires a finding that the second surgery is also compensable.

Generally speaking, *res judicata* applies where there has been a final adjudication on the merits of an issue by a court of competent jurisdiction on all matters litigated and those matters necessarily within the issue which might have been litigated. *Gwin* v. *R.D. Hall Tank Co.*, 10 Ark. App. 12, 660 S.W.2d 947 (1983). Even though the Workers' Compensation Commission is not a court, its awards are in the nature of judgments, and the doctrine of *res judicata* applies to its decisions. *Gwin, supra.*

Since it would have been impossible at the first hearing on compensability in October of 1982 to determine that appellant would need a second bypass, this is not an issue that could have been litigated at that time. Even though the surgical procedures are similar and the purpose was appellant's weight reduction, the issues were entirely different. The first time the issue was whether the procedure was reasonable and necessary medical treatment in light of appellant's injury. At the hearing which is now before us

on appeal the issue was whether the second procedure was a natural and incidental consequence of the first procedure.

Appellant's next argument concerns whether the Commission's finding that appellant's volitional overeating caused the failure of the first surgery is supported by substantial evidence. We agree with appellant's contention that it is not.

On appeal, it is the duty of the appellate court to review the evidence in the light most favorable to the Commission's decision and uphold that decision if supported by substantial evidence. *Black* v. *Riverside Furniture Co.*, 6 Ark. App. 370, 642 S.W.2d 338 (1982). Before the appellate court may reverse a decision of the Commission, the court must be convinced that fairminded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Black, supra.*

The Commission based its decision, that appellant's overeating caused the rupture in the staple line, on the testimony of Dr. Menendez and Dr. Hayden. Both of the doctors testified that the most common reason that the staples fail is overeating by the patient. However, both of these doctors were testifying in generalities. Neither doctor specifically stated that the cause of appellant's ruptured staples was overeating. In fact, Dr. Hayden stated that he did not know what caused appellant's staples to loosen. He further stated that the staples can come out from vomiting or from a fall. Appellant testified that both of these things had happened to her several times. The only medical evidence in the record pertaining to appellant's eating habits is from Dr. Hayden, who stated that appellant told him she didn't eat very much.

These generalities that the Commission relied on are not sufficient to support its finding that appellant's overeating was an independent, intervening cause. The Commission has taken the statements the doctors gave about common causes of staple disruption and speculated that this is what caused appellant's staples to loosen. Based on this evidence we do not think that fairminded persons would reach the Commission's conclusion.

Appellant next argues that the Commission's finding that the second surgery was not made necessary by complications

of the first surgery is not supported by substantial evidence and again we agree.

The Commission apparently based this finding on the fact that Dr. Menendez refused to perform the procedure the second time and on Dr. Hayden's testimony that the first procedure was technically correct.

Again, the Commission seems to ignore other evidence that the second surgery was necessary because of complications from the first. When Dr. Hayden performed the surgery a second time, he not only redid the gastric bypass, but also performed a procedure designed to control ulcers and corrected an incisional hernia. Dr. Hayden stated unequivocally that he would have performed surgery to correct the hernia even if the other procedures were not involved. He continued, stating that in obese people, the tissue becomes weakened and hernias are more likely to occur along the lines of surgical incisions, and that it is the weakened tissue pulling apart, not overeating, that causes these hernias. Even though Dr. Menendez testified that he would not have performed surgery to correct appellant's hernia, in an earlier deposition he stated that such hernias should always be repaired, and in fact, he had performed surgery on appellant to correct other hernias.

Dr. Hayden also explained that he performed the procedure to prevent ulcers because of the staple line disruption. He stated that when the staples became loose, the increased acid in the closed off area was allowed to free flow from that part of the stomach to the other and could erode the mucosa, causing an ulcer. Although appellees attempted to show that the ulcer condition existed before the first surgery, the report of an EGD performed by Dr. Jones for Dr. Menendez did not disclose the existence of any ulcerated areas.

Dr. Chakales, the physician treating appellant's back, felt that the control of appellant's weight was imperative to her back condition. Appellant conceded that the weight loss she attained had not cured her back, but that it did lessen the pain and made it possible for her to function without narcotic pain medication. Appellant's obesity was a preexisting infirmity and the Commission's finding that appellant's overeating caused her subsequent problems is not supported by substantial evidence. *See Conway*

*Convalescent Center* v. *Murphree*, 266 Ark. 985, 588 S.W.2d 462 (1979).

We remand this case to the Commission with directions to enter an order not inconsistent with this opinion and to accordingly set the healing period and determine the issue of disability.

Reversed and remanded.

WRIGHT, Special Judge, and COOPER, J., agree.