Ivon G. SHEPHERD *v.*
VAN OHLEN TRUCKING and Liberty Mutual

CA 94-241                                                895 S.W.2d 945

Court of Appeals of Arkansas
En Banc
Opinion delivered March 29, 1995
[Supplemental Opinion on Denial of Rehearing
June 28, 1995.]

*David H. McCormick*, for appellant.

*Friday, Eldredge & Clark*, by: *J. Michael Pickens*, for appellee.

JAMES R. COOPER, Judge. The appellant in this workers' compensation case was employed by the appellee trucking company on March 26, 1990, when his eighteen-wheel tractor trailer unit overturned. The appellant was injured in the accident and experienced pain in his back, right leg, and buttocks. A subsequent MRI scan revealed a herniated disc at L5-S1. The appellant was referred to a neurosurgeon for further evaluation, but the neurosurgeon decided that surgical intervention could not be considered until the appellant lost a substantial amount of weight. The appellant was referred to various medically-supervised weight loss programs and was, with this assistance, able to reduce his weight to approximately 300 pounds. These weight-loss efforts employing low calorie diets continued for over one year and, although the appellant was often successful in losing weight, he was unsuccessful in maintaining his weight loss. Consequently, the appellant's weight fluctuated between 350 and 300 pounds. On March 25, 1992, the appellees terminated the appellant's temporary total disability benefits and refused to pay for any further weight-loss treatment. The appellant sought benefits for a surgical stomach stapling procedure to aid his weight reduction efforts

and reinstatement of temporary total disability benefits. After a hearing, the Commission found that the stomach stapling surgery was not reasonably necessary for treatment of the appellant's compensable injury, and that the appellant's volitional overeating had caused his healing period to end so that he was not entitled to additional temporary total disability benefits. From that decision, comes this appeal.

For reversal, the appellant contends that the Commission erred in finding that he had failed to prove that the proposed stomach stapling procedure was reasonably necessary for treatment of his compensable injury, and in finding that his healing period ended by March 24, 1992, disqualifying him for any additional temporary total disability benefits beyond that date. We find no error, and we affirm.

■■ Where the sufficiency of the evidence to support the findings of the Commission is challenged on appeal, we view the evidence in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence. *Grimes* v. *North American Foundry*, 42 Ark. App. 137, 856 S.W.2d 309 (1993). Where, as here, the Commission has denied a claim because of a failure to show entitlement by a preponderance of the evidence, the substantial evidence standard of review requires us to affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Williams* v. *Arkansas Oak Flooring Co.*, 267 Ark. 810, 590 S.W.2d 328 (Ark. App. 1979).

■ With regard to the appellant's request for approval of his proposed stomach stapling procedure, the Commission noted in its opinion that the appellant had not asked for approval of more conservative measures in the alternative, but had instead limited his request to the stomach stapling surgery which he had scheduled. In denying the request, the Commission found that stomach stapling surgery was not reasonably necessary. In so finding, the Commission stated that the stomach stapling surgery was an invasive procedure, that the appellant had lost significant weight while following more conservative weight loss programs based on dietary modifications, and that there was no evidence to indicate that stomach stapling surgery was indicated prior to attempting more conservative weight loss programs. Our review of the record indicates that, although the appellant did

not maintain his weight losses, he did in fact lose a considerable amount of weight while following more conservative dietary weight-loss programs. In light of this evidence, we think that reasonable minds could conclude it would be preferable to continue dietary weight loss measures rather than implement a surgical procedure with its concomitant risks. *See e.g., Perry* v. *Leisure Lodges, Inc.*, 19 Ark. App. 143, 718 S.W.2d 114 (1986). We cannot say, on this record, that the Commission's opinion fails to display a substantial basis for the denial of the stomach stapling surgery requested by the appellant and we find no error on this point.

■ Next, the appellant contends that the Commission erred in finding that the appellant's healing period ended by March 24, 1992. As the appellant notes, the "healing period" is defined as the period necessary for the healing of an injury resulting from an accident, which continues until the employee is as far restored as the permanent character of his injury will permit. *Arkansas Highway & Transportation Dept.* v. *McWilliams*, 41 Ark. App. 1, 846 S.W.2d 670 (1993).

■■ In the case at bar, the record shows that treatment of, and even accurate diagnosis of, the appellant's back injury was not possible unless and until the appellant lost approximately 75 to 100 pounds. Furthermore, there was evidence that the appellant was capable of losing weight through various programs based on calorie reduction, but had failed over a period of approximately one and one-half years to reduce his weight sufficiently to permit diagnosis and treatment of his underlying back injury. The appellant argues that there was evidence that the appellant's lack of success was due to a psychological eating disorder. However, the question on appeal is not whether there is evidence to support findings other than those made by the Commission, but is instead whether the findings made by the Commission are supported by substantial evidence. *Tyson Foods, Inc.* v. *Disheroon*, 26 Ark. App. 145, 761 S.W.2d 617 (1988). In the case at bar, the appellant testified that he regained weight because he simply began eating more after being taken off diet pills. The Commission noted that the appellant had demonstrated an ability to lose weight without diet pills, and found that the appellant's failure to lose weight was volitional. We think that the matter resolves itself to a question of credibility, and we cannot say that the

Commission erred in finding that the appellant's healing period had ended in light of his failure to lose the amount of weight necessary to allow treatment of his underlying injury.[1]

Affirmed.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. I cannot agree with the majority opinion in this case.

First: I assume that the opinion's statement that the appellant "had not asked for approval of more conservative measures in the alternative" means that he could — or probably could — have had such measures if he had asked for them. If this is what that language means, then I would remand to allow such a request to be made rather than simply affirming the Commission's denial of benefits.

Moreover, even if the appellant has had the stomach-stapling procedure that the Commission's opinion said appellant had made arrangements to be paid for by the Arkansas Department of Health, he would be entitled to temporary total disability benefits for some period during the recovery from that procedure.

And if, as the majority opinion states, "reasonable minds could conclude it would be preferable to continue dietary weight loss measures rather than implement a surgical procedure with its concomitant risks," would not the appellant be entitled to the "surgical intervention" for his herniated disk if he has lost the weight — by dietary measures — that the neurosurgeon thought necessary? But we simply affirm the Commission and make no provision for any additional hearing or determination.

Finally, why should the appellee not pay for any disability which the appellant has as a result of his injury? As the opinion of the dissenting Commissioner points out, the law is settled that an employer takes a claimant as he finds him — and the appellant in this case weighed 300 pounds at the time of his pre-

---

[1] We are not faced with the question of whether the appellant would begin a new healing period were he to request more conservative weight loss treatment, and we express no opinion on that issue.

employment physical. Or is the employer relieved from paying for the disability an employee receives while working if the employee is simply unable to lose weight because — as the majority opinion puts it — the failure to do this is "due to a psychological eating disorder"? We did not think so when we indicated in *Weller* v. *Darling Store Fixtures*, 38 Ark. App. 95, 828 S.W.2d 858 (1992), that Professor Larson was right when he summarized the law in this area as follows:

> When the treatment prescribed takes the form of exercise or wearing a brace, or undergoing an alcohol detoxification program, obviously there is no element of risk, and unreasonable refusal to follow medical instructions will lead to a loss of benefits for any disability attributable to this refusal. But when the prescribed treatment involves weight reduction, although in principal the cases should be assimilated to the exercise cases, courts have been less stern, perhaps because almost everyone has some personal experience of good-faith but ineffective weight-reduction efforts — and are reluctant to stigmatize these all-too-human failures as "willful refusal."

1 A. Larson, *The Law of Workmen's Compensation* § 13.22(d).

I dissent.