## ST. VINCENT INFIRMARY MEDICAL CENTER *v.*
### Constance BROWN

CA 95-462                                             917 S.W.2d 550

Court of Appeals of Arkansas
Division III
Opinion delivered March 20, 1996

*Jack, Lyon & Jones, P.A.*, by: *John W. Fink*, for appellant.

*The Whetstone Law Firm*, by: *Gary Davis*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from an order of the Workers' Compensation Commission which affirmed and adopted the administrative law judge's decision. The law judge found that the appellee proved by a preponderance of the evidence that she sustained a compensable injury to her right shoulder on October 8, 1993, and that she was temporarily totally disabled from October 9, 1993, to February 14, 1994. The law judge also found that the appellant failed to prove by a preponderance of the evidence that the appellee misrepresented her physical condition when applying for employment.

The appellee is a twenty-nine-year-old nurse. On October 8, 1993, she went into a patient's room to lower the bed with the electric button, but the bed did not go down. She reached under the bed, in a squatting position reaching forward with her right arm, to find a lever to lower the bed, and her right shoulder dislocated. The appellee testified that, because she is a medical person and knew what to do, she put the shoulder back in place. The appellee worked about two more hours and then, because of

the pain, went to the emergency room.

The appellee testified that in the past she had problems with her right shoulder. In August 1992, her shoulder dislocated while she was skydiving, and she had to go to the emergency room to have it put back in place. Ten days later she was fine, and a week later she was not having any real problems with her shoulder. In January 1993, the appellee's shoulder dislocated again when a man with whom she was country dancing grabbed her and yanked her shoulder out. The appellee put it back in and was fine a few days later.

The appellee testified that she had no problems with her shoulder from a week after the 1992 incident until January 1993; that she never had any problems with her shoulder between April and June 1993 in her duties as a housekeeper; and that she had no problems between June 1993, when she began working at Doctors Hospital and later at St. Vincent, up through October 8, 1993. The appellee testified further that in June 1993 her shoulder was not a concern; it had never really hindered her life. The appellee testified that the incident at St. Vincent was much more painful than the previous incidents and that, on a scale from one to ten, the previous incidents rated a two or three, but the October incident was an eight or nine.

Appellant's first two arguments contend that the appellee's injury is not compensable. Appellant argues that the appellee's injury is not compensable because it does not meet the definition of a compensable injury as defined by Act 796 of 1993, codified as Ark. Code Ann. § 11-9-102 (Supp. 1995), which must be "strictly" construed, Ark. Code Ann. § 11-9-704(c)(3) (Supp. 1995), and because the incident only made her pre-existing condition symptomatic.

Appellant contends that the incident at work caused no physical harm to the appellee's body; that the incident did not change the underlying shoulder condition; and that it was merely coincidental that the injury occurred at work. Appellant says the appellee had a pre-existing condition making her shoulder apt to dislocate at any time.

When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings

of the Commission and affirm that decision if it is supported by substantial evidence. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979). The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Bearden Lumber Company* v. *Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983).

■ Arkansas Code Annotated § 11-9-102 (Supp. 1995) provides:

(5)(A) "Compensable injury" means:

(i) An accidental injury causing internal or external physical harm to the body . . . arising out of and in the course of employment and which requires medical services or results in disability or death. An injury is "accidental" only if it is caused by a specific incident and is identifiable by time and place or occurrence[.]

■ Here, there is evidence that the appellee dislocated her shoulder on October 8, 1993, while reaching under a patient's bed. The appellee continued to work for no more than two hours and then went to the emergency room where she was given medicine for pain and a sling. The appellee testified that the pain from the dislocation was 8 or 9 on a scale of 10. Although appellee had other episodes in her past when her shoulder popped out, the employer "takes the employee as he finds him," and employment circumstances that aggravate pre-existing conditions are compensable. *Public Employee Claims Division* v. *Tiner*, 37 Ark. App. 23, 822 S.W.2d 400 (1992).

In discussing the compensability of the appellee's injury the law judge stated:

Had respondent shown that claimant was continuously symptomatic from January 1993 until October 1993 or that she received medical care on several occasions between these dates, I might be inclined to find that the October 8, 1993, incident was a recurrence of a non-compensable, pre-existing condition stemming from the August 1992 or January 1993 injuries. No such evidence was introduced, however. The case therefore appears to be one in which a claimant with a pre-existing infirmity is injured as a result of

employment activities that probably would not have caused injury to someone without the pre-existing disorder. Such injuries remain compensable under Arkansas's new workers' compensation law.

■ Based on the evidence and considering the new law, we think the Commission's decision is supported by substantial evidence.

Appellant also argues that the appellee is not entitled to workers' compensation benefits because she misrepresented her physical condition on her employment application, and her claim for benefits is therefore barred by the rule of law adopted in *Shippers Transport of Georgia* v. *Stepp*, 265 Ark. 365, 578 S.W.2d 232 (1979). The appellant argues that the appellee revealed her complete medical history except her right shoulder problem and that Marilyn Masingill, who made the decision to hire the appellee, testified that had she been aware of appellee's shoulder problem, she would not have hired her if accommodations could not have been made for the appellee to meet her job requirements.

■ In *Shippers* our supreme court held that a false representation on a employment application bars recovery under our workers' compensation law when three factors are established: (1) the employee must have knowingly and wilfully made a false representation as to her physical condition; (2) the employer must have relied upon the false representation, and this reliance must have been a substantial factor in the hiring; and (3) there must have been a causal connection between the false representation and the injury.

Here, the medical history form which was completed by the appellee asked:

> 5. Have you had any serious injuries, including broken bones, head injuries, back strain or recurring pain in back or neck? If "Yes," explain, giving approximate date of onset and recurrences.
>
> . . . .
>
> 7. Do you have any physical limitations in regard to movement of fingers, hands, arms, legs, back? Have you ever worn a back brace? Have you worn a knee brace?

In response to question 5, the appellee disclosed that she had ruptured her flexor tendon on the right hand and had sustained a wrist injury, both of which required surgery. Question 7 was answered in the negative.

The appellee testified that the document did not specifically ask anything about a shoulder injury and that at the time she filled out the application she was not having any problems with her shoulder. She testified that after the first incident in 1992 she had no problems until January 1993 and that she experienced no problems with her shoulder between April and October 1993. She said she did not believe that her shoulder was really a concern and that it had never really hindered her life. The appellee testified further that, to her, a serious injury requires surgery, hospitalization and/or extensive rehabilitation. She said that when she was interviewed by Marilyn Masingill her physical condition was not the focus of any part of the verbal interview and she was not asked about any shoulder problems.

The administrative law judge, in an opinion which was affirmed and adopted by the full Commission, held that the evidence did not prove that the appellee knowingly and wilfully made a false representation on the employment application with respect to her physical condition.

█ We cannot conclude that reasonable minds, with the same evidence before them, could not reach the Commission's conclusion.

Affirmed.

STROUD and NEAL, JJ., agree.