Bobby J. OLIVER *v.* GUARDSMARK, INC.

CA 99-96                                    3 S.W.3d 336

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered October 27, 1999

*Dowd, Harrelson, Moore & Giles,* by: *Greg Giles,* for appellant.

*Laser, Wilson, Bufford & Watts, P.A.,* by: *Frank B. Newell,* for appellee.

SAM BIRD, Judge. Appellant Bobby Joe Oliver appeals a decision of the Workers' Compensation Commission that denied him additional benefits. On May 23, 1989, appellant suffered a compensable back injury. After two previous hearings, appellant's healing period was determined to have ended on May 20, 1991, and he was awarded an 18 percent permanent partial impairment rating and an additional 30 percent wage-loss disability. Appellant then sought additional temporary total disability benefits from February 26, 1997, to a date yet to be determined; evaluation by a specialist in regard to gastric bypass surgery; and a determination as to whether the 1989 back injury aggravated his preexisting propensity for obesity. The administrative law judge found that appellant had failed to prove by a preponderance of the credible evidence that he was entitled to additional benefits. The Commission affirmed and adopted the opinion of the administrative law judge. On appeal, appellant argues that the Commission committed an error of law in determining that his back injury did not aggravate a preexisting condition (a "propensity to obesity'), and that the Commission's conclusions that he was not entitled to an evaluation for weight-loss surgery and additional temporary total disability benefits are not supported by substantial evidence. We find no error and affirm.

When we review appeals from decisions of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if those findings are supported by substantial evidence. *Morelock v. Kearney Co.*, 48 Ark. App. 227, 894 S.W.2d 603 (1995). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *College Club Dairy v. Carr*, 25 Ark. App. 215, 756 S.W.2d 128 (1988). The issue on appeal is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Bearden Lumber Co. v. Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983). Where a claim is denied because the claimant has failed

to show entitlement to compensation by a preponderance of the evidence, the substantial-evidence standard of review requires us to affirm the Commission if its opinion displays a substantial basis for the denial of the relief sought. *Jeter v. B.R. McGinty Mechanical*, 62 Ark. App. 53, 968 S.W.2d 645 (1998); *Linthicum v. Mar-Bax Shirt Co.*, 23 Ark. App. 26, 741 S.W.2d 275 (1987).

In 1986, appellant weighed more than 300 pounds and underwent a surgical stomach-stapling procedure. Following that surgery, he began to walk for exercise, eventually increasing the distance of his daily walk to five miles. As a result of the surgery and the exercise, appellant reduced his weight to 165-175 pounds, where he maintained it until May 1989, when he injured his back. Since his injury, appellant has regained all of the weight he lost, plus some. Appellant sought additional workers' compensation benefits for another invasive stomach-reducing procedure, a gastric bypass, so he could lose enough weight to be able to have the back surgery he says he has needed since 1989.

Appellant contended before the Commission that he regained the weight because he could not continue to walk five miles a day and that he could not walk because of his back injury. In his office notes, Dr. Jim J. Moore, a neurosurgeon, recorded appellant's steady weight gain of more than a pound per week after his back injury. Appellant told Dr. Moore that it took him two meals to eat the equivalent of a can of soup, and that he could gain weight on one piece of bacon, a chicken leg and one-half of a hamburger daily. However, appellant's psychological profile revealed that he had a need to exaggerate his symptoms, that he tended toward hysteria and hypochondria, and that he had an addictive personality. Dr. Moore doubted the truthfulness of appellant's statements about the amount of his food intake.

At the most recent hearing, the appellant explained that he had been unable to work since February 1997 and had lost his home. He then moved into his mother's home, a trailer in Branson, Missouri, along with his wife, and three sons. His wife and mother work, while appellant "home-schools" the boys. Appellant said that in November or December 1995 he had gone to work at McDonald's in Ashdown part-time, "flipping hamburgers" during the lunch rush. In December 1995, he went to work in sales for Millwood Landing, a resort facility. He used a golf cart to show

customers around. He left that job when, because of a management change, he was no longer able to use the golf cart to show the customers around, and he was not able to walk. In August 1996, appellant said he went back to work for Millwood as a security guard for minimum wage. Appellant disclosed that in December 1996 his father died, which required him to be away from the job for several weeks, and again he lost his job. Appellant related that he has sharp pains and swelling in his lower back and spends about half of his day reclining. Appellant said he had attempted to get social security disability, it had been denied, and he had filed again.

At the time of the hearing from which this appeal resulted, appellant's weight was in excess of 324 pounds. Appellant testified that he had been on numerous diets throughout his life for his obesity problem, including one six-month stay at an inpatient clinic, but nothing had worked except the stomach stapling and walking five miles a day. Dr. Moore agreed that appellant was unable to work. However, he attributed it more to his obesity than to his continuing back problems. In fact, Dr. Moore said if appellant would lose weight he probably would not need the back surgery. Although appellant argues that his back injury prevented him from walking, and that this lack of exercise caused the weight gain, Dr. Moore was of the opinion that it was caused by appellant's failure to reduce his caloric intake in response to his sedentary lifestyle.

It is well settled that the employer takes the employee as he finds him, *St. Vincent Infirmary Medical Center v. Brown*, 53 Ark. App. 30, 917 S.W.2d 550 (1996), and that an aggravation of a preexisting noncompensable condition by a compensable injury is, itself, compensable. *Hubley v. Best Western-Governor's Inn*, 52 Ark. App. 226, 916 S.W.2d 143 (1996). However, appellant has cited no authority for his position that a tendency toward obesity can be characterized as a preexisting condition, and our research has revealed none. Furthermore, Ark. Code Ann. § 11-9-102(b)(Repl. 1996) provides that if any compensable injury combines with a preexisting condition to cause or prolong disability or a need for treatment, permanent benefits shall be payable for the resultant condition only if the compensable injury is the major cause of the permanent disability or need for treatment. It is not at all clear that appellant's compensable injury is the major cause of his present disability. In one of his progress notes, Dr. Moore stated:

> The patient is concerned that it is not felt his weight gain is injury-oriented and points out that he indeed was at the 175 pound weight level prior to injury, but his sedentary activities have since made weight gain. I pointed out to him, however, that this is more a factor of continued caloric intake at a level not necessary for sedentary activities, and thus still would not be a factor, per se, in the injury process.

Additionally, on July 21, 1997, Dr. Moore stated:

> This morbidly obese, non-able bodied individual has several bases for his inability to work and seek employment: 1) his morbid obesity which must be controlled and 2) the disc herniation with root compression which is complicated by number 1.

Dr. Moore's progress notes alone provide sufficient evidence to support the Commission's decision, and constitute a substantial basis for the denial of benefits. Thus, there is a substantial basis to support the Commission's denial of additional benefits.

Affirmed.

PITTMAN, ROGERS, and GRIFFEN, JJ., agree.

HART and ROAF, JJ., dissent.

ANDREE LAYTON ROAF, Judge, dissenting. I believe that Bobbie Oliver suffered an aggravation of his preexisting condition of the "tendency towards obesity" and would reverse the Commission's denial of benefits on this point.

It is undisputed that Oliver had never been able to control his weight prior to his stomach-stapling procedure, and that he had reduced his weight after the surgery from approximately 310 pounds to 175 pounds with the additional help of a walking regimen prior to his 1989 compensable back injury. This fact distinguishes his case from those in which benefits were denied because the claimant's obesity was deemed "volitional," because the claimant had previously been able to control his weight through diet programs, or the claimant was already obese at the time of a leg injury and her disability was solely due to obesity and hypertension. *See Hammer v. Intermed Northwest*, 270 Ark. 262, 603 S.W.2d 913 (1980); *Shepherd v. Van Ohlen*, 49 Ark. App. 36, 895 S.W.2d 945 (1995).

In *Conway Convalescent Center v. Murphree*, 266 Ark. 985, 588 S.W.2d 462 (1972), the court held that appellee's "weakness" of obesity could not be fairly separated from the back injury. Murphree suffered a back injury when she attempted to lift a patient in the course of her employment. According to the evidence, she was obese all of her adult life. However, her excessive weight did not prevent her from being an active person, and her doctors agreed that she hurt her back on the job and that she was totally disabled. Like Oliver, pain from the injury caused her to be immobile, and her immobility caused an increase in her weight; the court stated: "The obesity aggravates her condition, which causes pain, which keeps her immobile." Her doctors opined that her disability was due to the obesity and not her compensable back injury. However, the court, in affirming the Commission, stated: "The Workers' Compensation Commission rightly held the back problem and the obesity are now inseparably intertwined in the so-called "vicious cycle." The individual weakness of obesity cannot be fairly separated from the injury." According to the court, the insurance carrier accepted the employee as a workers' compensation risk at the time of her employment and throughout her employment because "[H]er weakness, obesity, was obvious at the time she was hired."

Here, according to Dr. Jim Moore, Oliver's "tendency towards obesity" was a preexisting condition. Other than Oliver's testimony about his eating habits, there is no indication in the record and it indeed defies logic to assume that Oliver's obesity was not the result of caloric intake. In fact, the Commission specifically found that Oliver was "not able to change his lifestyle in the past nine years." However, after Oliver's previous surgery to help his condition, he became very active and was able to maintain his weight. When the pain from his injury caused him to be immobile, he gained the weight back. Oliver's back problems and obesity are now inseparably intertwined in a 'vicious cycle' because he cannot have surgery to correct the back problem until he loses weight. As in *Conway*, the insurance carrier accepted this individual as a workers' compensation risk at the time of his employment and throughout his employment. *See also Perry v. Leisure Lodges, Inc.*, 19 Ark. App. 143, 718 S.W.2d 114 (1986).

Here, Oliver's obesity was not "volitional" as defined in *Shepherd*, and his obesity recurred immediately after his back injury and

resulting immobility. The Commission has disregarded its own prior holdings in penalizing him for his condition. Oliver's need for treatment should be a compensable consequence of the original 1989 injury, and I would reverse and remand for an award of benefits.

HART, J., joins.