### 57067. H. V. & T. G. THOMPSON LUMBER COMPANY et al. v. BATES.

WEBB, Judge.

In this Workers' Compensation case, the employer and insurer appeal from an award to the claimant, affirmed by the superior court. We also affirm.

While stacking lumber in the normal course of his employment on a hot day Bates became ill, had chills and sweated profusely, and experienced cramps and severe chest pains. The next day he went to a doctor who examined and immediately hospitalized him. The sole medical evidence was that of the doctor, who testified that Bates suffered from heat exhaustion, angina pectoris and bronchitis; that the heat exhaustion was a contributing factor to the angina pectoris; and that tests revealed no presence or history of a pre-existing heart condition of any kind.

Appellants insist that angina pectoris is not a compensable occurrence under the Workers' Compensation Act (Code Ann. § 114-102). However, the cases cited as authority for this assertion involve heart disease or damage prior to the occurrence of angina pectoris, and where there was evidence that the "heart attack" was the result of an on-going progressive coronary disease, subsequent job related angina pectoris pain is not compensable. See, e.g., *Carter v. Kansas City Fire &c. Ins. Co.,* 138 Ga. App. 601, 603 (226 SE2d 755) (1976) and cits.

As noted in *Carter,* "It is always difficult in heart attack cases to draw the line between an injury to the heart that is caused by on-the-job exertion and an injury that pre-existed and merely manifested itself or became symptomatic during job exertion. '[I]t becomes a matter of semantics whether the disability is described as a symptom of the disease or a disability to which the

exertion was a contributing precipitating factor. It may well be both. The fact-finding body must in this event remain the final arbiter of the compensability of the attack, and of whether the disability arose out of the employment as well as in the course of it.' [Cit.]" Ibid. at p. 603.

While the doctor testified that working in itself does not cause heart disease and there was no way to tell if his work caused Bates' chest pains, he also specifically attributed the heat exhaustion, which was directly job related, as a contributing factor to the angina pectoris. This was sufficient under the "natural inference through human experience" principle to authorize the ALJ and full board to determine that the performance of Bates' work activities precipitated his heart injury in this case. *Guye v. Home Indem. Co.,* 241 Ga. 213 (244 SE2d 864) (1978).

*Judgment affirmed. Bell, C. J., and Banke, J., concur.*

ARGUED JANUARY 3, 1979 — DECIDED JANUARY 15, 1979— REHEARING DENIED JANUARY 29, 1979 — ▮▮▮▮▮▮

*Swift, Currie, McGhee & Hiers, John A. Ferguson, Jr., Charles L. Drew,* for appellants.
*M. O. Strickland,* for appellee.