Argued and submitted February 27, reversed December 10, 1979

DUFFY,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND,
*Respondent - Cross-Petitioner.*

(No. WCB 77-18, CA 12147)

603 P2d 1191

Sharon C. Stevens, Albany, argued the cause for titioner. On the brief were J. David Kryger, and mmons, Kyle, Kropp & Kryger, Albany.

Lawrence J. Hall, Associate Counsel, State Acci-nt Insurance Fund, Salem, argued the cause for spondent - cross-petitioner. With him on the brief re K. R. Maloney, Chief Counsel, and James A. evins, Chief Trial Counsel, State Accident Insur-ce Fund, Salem.

[493]

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Claimant had suffered from coronary artery disease of long standing. The mental and physical stress of his employment, superimposed upon his underlying heart ailment, caused attacks of angina pectoris to the extent that he was required to stop work. The State Accident Insurance Fund accepted the claim for the purpose of treatment of the angina pectoris, but denied responsibility for the underlying heart condition.[1] The referee entered an order, with which the Board agreed, affirming the Fund's denial of the responsibility of the underlying heart disease, but making a permanent partial disability award for the angina condition. Claimant contends he is entitled to a larger permanent disability award; the Fund contends that he suffered no permanent disability arising out of his employment. We agree with the Fund.

We are satisfied from the medical evidence that all that happened to claimant as a result of his work were temporary episodes of angina pectoris which stopped when he quit his work and did not affect in any way the severity or progress of his underlying heart disease.

Reversed.

---

[1] The Fund does not say that it should not have accepted responsibility for the angina attacks, *but see Weller v. Union Carbide,* 288 Or 27, 602 P2d 9 (1979); *Gibson v. SAIF,* 288 Or 45, 602 P2d 266 (1979).