Georgia Sue BLACK, Widow of Lemuel BLACK,
Deceased *v.* RIVERSIDE FURNITURE COMPANY

CA 82-338                                        642 S.W.2d 338

Court of Appeals of Arkansas
Opinion delivered November 24, 1982

*Robert S. Blatt,* for appellant.

*Harper, Young, Smith & Maurras,* by: *Tom Harper, Jr.,* for appellee.

LAWSON CLONINGER, Judge. In this workers' compensation case, the appellant, Georgia Sue Black, is the widow of Lemuel Black. Lemuel Black, deceased, was a custodian at Riverside Furniture Company from 1974 to 1981. His duties included sweeping sand and sawdust from the floor of the mill, gathering trash containers and emptying the containers into dumpsters. Some of those containers would weigh 75 pounds or more.

On January 14, 1981 the decedent became ill at work and was treated by a physician of his choice. He returned to work on January 19, 1981 and again became ill at work. He was then referred to Dr. J. Campbell Gilliland, who determined that Mr. Black had two pre-existing heart conditions, arteriosclerosis and atrial septal defect. On February 23, 1981 Dr. Donald Patrick performed surgery on Mr. Black's heart to repair the atrial septal defect, which is a hole in the wall of the two upper chambers of the heart, and a double by-pass for the arteriosclerosis. On March 10, 1981 Mr. Black died from complications of the by-pass operation.

A claim for death benefits under Ark. Stat. Ann. § 81-1315 (Repl. 1976) was filed by appellant, contending that her husband's death arose out of and in the course of his employment; specifically, that his work at Riverside aggravated both his pre-existing heart conditions, which resulted in surgery. Appellee, Riverside Furniture Com-

pany, contended that Mr. Black's heart condition and subsequent death were the result of a congenital heart defect and arteriosclerosis which was totally unrelated to his work.

The Administrative Law Judge determined that "the claimant had failed to prove by a preponderance of the evidence that the death of Lemuel Black was substantially caused by an injury or injuries arising out of and in the course of his employment at Riverside Furniture." The Full Commission adopted the opinion of the Administrative Law Judge and denied appellant benefits.

We find substantial evidence to support the decision of the Commission and we affirm.

There is ample evidence in the record to sustain the appellant's claim, but that is not the question on this appeal; the issue is whether there is substantial evidence to sustain the Commission's findings in favor of the employer. *Tigue* v. *Caddo Minerals Company*, 253 Ark. 1140, 491 S.W.2d 574 (1973). It is well established that on appeal, it is the duty of this court to review the evidence in the light most favorable to the Commission's decision and uphold that decision if it is supported by substantial evidence. Before the court may reverse a decision of the Commission, the court must be convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Office of Emergency Services* v. *Home Insurance Company*, 2 Ark. App. 1185, 618 S.W.2d 573 (1981). Weighing the evidence falls within the province of the Commission and it must weigh medical evidence as it does any other evidence. Even where the medical testimony is conflicting, the resolution of the conflict is a question of fact for the Commission. *Barksdale Lumber Company* v. *McAnally*, 262 Ark. 379, 557 S.W.2d 868 (1977).

In order to determine whether there is any substantial evidence to support the Commission's findings, it is necessary to review the medical testimony presented by Dr. Gilliland, the treating physician, Dr. Patrick, the surgeon, and Dr. Taylor Pruitt. Dr. Gilliland testified unequivocally that in his opinion that although neither of Mr. Black's

cardiac problems was precipitated by his employment, his work certainly aggravated both of his pre-existing conditions and it was responsible for precipitating his "syncopal episodes" at work on January 14, 1981. Dr. Gilliland further testified that Mr. Black's activity at work aggravated his symptoms and also aggravated his disease. At another point Dr. Gilliland testified that the progression of the arteriosclerosis was not accelerated or aggravated by Mr. Black's employment, and that Mr. Black was "disabled" before he went to Riverside.

Dr. Patrick testified that in his opinion the working conditions produced the symptoms of angina, which is the pain message to the heart, but that no damage is done by the angina in the sense of death of cells. Dr. Patrick was of the opinion that Mr. Black's working conditions neither aggravated nor accelerated his two pre-existing heart conditions, but would rather aggravate the symptomatology.

Dr. Pruitt testified in a deposition based on a report sent to him on Mr. Black, and was of the opinion that Mr. Black's symptoms of sweating, shortness of breath, cold sweat and heart palpitations would be aggravated by any exercise. Dr. Pruitt testified that death of heart cells is a myocardial infarction and is different from angina pectoris. Dr. Pruitt stated that it is conceivable that Mr. Black could have drastically increased his exercise and caused a myocardial infarction, but that it is interesting that Mr. Black did not have a myocardial infarction despite the documented exercise. He also stated that he did not know of any evidence which would allow him to say that the natural history of Mr. Black's atrial septal defect was hastened by the exercise which he did.

In determining whether a claimant's disability is a result of his employment, the test is whether the work claimant was doing aggravated the pre-existing condition to the extent that the work was a factor in bringing on the attack. *Reynolds Metal Company* v. *Cain,* 243 Ark. 483, 420 S.W.2d 872 (1967). A claim is compensable, without proof of unusual strain or exertion, when the claimant's ordinary work aggravates a pre-existing condition and thus con-

tributes to the injury. *McGeorge Construction Company* v. *Taylor,* 234 Ark. 1, 350 S.W.2d 313 (1961). Pre-existing disease or infirmity of an employee does not disqualify a claim under the "arising out of employment" requirement if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the death or disability for which compensation is sought. *Conway Convalescent Center* v. *Murphee,* 266 Ark. 985, 588 S.W.2d 462 (Ark. App. 1979).

We have a situation in this case which has not been specifically addressed before in this jurisdiction; namely, whether or not aggravation of the symptoms of a pre-existing condition is compensable. It is not controverted that Mr. Black had two pre-existing heart conditions. His work aggravated the symptoms of those conditions, consisting of chest pains which is called angina pectoris. Mr. Black's injury, his death, was the result of by-pass surgery which was conducted to correct the pre-existing heart condition.

In *Duffy* v. *State Accident Insurance Fund,* 603 P.2d 1191 (Or. Ct. App. 1979), the claimant had suffered from coronary artery disease of longstanding. The mental and physical stress of his employment combined with his underlying heart condition to cause attacks of angina pectoris to the extent that he was required to stop work. The Oregon court refused to award claimant benefits on the basis of claimant's underlying heart condition, stating that medical evidence showed that all that happened to claimant as a result of his work were temporary episodes of angina pectoris which stopped when he quit his work and did not affect in any way the severity of progress of his underlying heart disease. In *Kostamo* v. *Markett Iron Mining Company,* 274 N.W.2d 412 (Mich. 1977), the court recognized that arteriosclerosis is an ordinary disease of life which is not caused by work or aggravated by the stress of work. The court recognized that although claimant may have pain while working with his disease, it is not compensable.

In the case before the court, although Dr. Gilliland testified that Mr. Black's working conditions accelerated and

aggravated his pre-existing heart conditions, both Dr. Patrick and Dr. Pruitt testified that it merely accelerated his symptoms in the form of angina pectoris. Mr. Black's death was caused by arterial by-pass surgery to correct the previous heart condition of arteriosclerosis, and there is substantial evidence to support the Commission's finding that Mr. Black's death did not arise out of and in the course of his employment.

Affirmed.

GLAZE, J., concurs.

TOM GLAZE, Judge, concurring. I concur in the result to the extent that there was medical evidence which supports the finding that Mr. Black's working conditions served only to accelerate his *symptoms* rather than to accelerate or hasten his death. The Arkansas rule is well established that when the ordinary exertion or straining of the employee's usual work causes the unexpected and disabling event or injury or accelerates or hastens its consummation, that in itself constitutes a compensable accident because the injury and disability is due to the employment. *Bryant Stove & Heading* v. *White,* 227 Ark. 147, 296 S.W.2d 436 (1956).

Under this rule, if the evidence had shown Black's work had caused his angina pains which in turn accelerated or hastened his death, this claim, in my opinion, undoubtedly would have been compensable. In sum, this case should be limited to its facts and the underlying medical evidence that substantiated the fact that Black's work-related angina symptoms did not hasten the cause of his death. For this reason, I agree with the majority decision.