■ In the Matter of the Claim of THOMAS PERRIN, Appellant, v BALDWINSVILLE VF COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed May 17, 1984.

Claimant, a self-employed meatcutter and volunteer fire chief, was injured while responding to a fire call on May 17, 1977. As he assisted another fireman in hooking up hoses, claimant experienced a shortness of breath, was unable to continue and was brought to the hospital in an ambulance. Claimant remained under a doctor's care and was advised not to work at all until August 11, 1977. Thereafter, claimant was advised by his physician that he could resume restricted meat cutting but not to resume fire fighting.

The Workers' Compensation Board found that claimant's fireman's duties aggravated a preexisting heart condition and awarded full benefits pursuant to the Volunteer Fireman's Benefit Law for a period of causally related total disability to August 20, 1977. However, claimant's continuing partial disability was found not to be causally related but entirely due to claimant's preexisting heart disease, and the Board disallowed further benefits. Claimant urges reversal on the ground that, since his preexisting heart disease was dormant until aggravated by his firemanic activities, any continuing disability related to that condition should be compensable (citing *Matter of Perez v Pearl-Wick Corp.,* 56 AD2d 239; *Matter of Lopez v Hercules Corrugated Box Corp.,* 50 AD2d 1048; *Matter of Strouse v Village of Endicott,* 50 AD2d 635).

We disagree. It is true that when an individual suffers from

a condition which is asymptomatic and "the employment acts upon that disease or condition in such a manner as to cause a disability which did not previously exist", the disability is compensable *(Matter of Perez v Pearl-Wick Corp., supra,* p 241; *see also, Matter of Pezzolanti v Green Bus Lines,* 114 AD2d 553). Here, however, both the carrier's physician and the impartial expert testified that the effect of claimant's work-related activities on his preexisting heart condition had totally dissipated as of August 20, 1977. Hence, there was sufficient evidence in the record to support the Board's finding that claimant's condition had been restored to status quo ante and that any further disability was not causally related to an employment-related injury.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.