■ In the Matter of the Claim of ANTHONY PEZZOLANTI, Respondent, v GREEN BUS LINES, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed May 8, 1984, which ruled that claimant had a continuing causally related disability after January 8, 1981.

Claimant was employed as a mechanic for the employer, a self-insured bus company. On October 27, 1980, while driving a bus preparatory to repairing its steering column, he struck a pothole. The impact on the defective steering column caused the steering wheel to come loose in his hands and it struck and injured his left wrist. X rays revealed a mass in the distal part of the left radius. A biopsy was then performed, resulting in a diagnosis of the mass as a giant cell tumor of bone. Surgical removal of the tumor took place on January 8, 1981. However, the surgery was not entirely successful and claimant continued to experience pain and disability. He was reoperated on in 1982, wherein bone chips from his hip were implanted in the affected area.

The employer challenges the decision of the Workers' Compensation Board finding a continued causally related disability beyond January 8, 1981, the date the tumor was surgically excised. Since, concededly, the tumor preexisted the accidental occurrence in which claimant was injured, the surgery was aimed at the tumor's removal and not to correct any condition caused by the accident, and there was no medical proof that the trauma aggravated the tumor itself, the employer argues that there was no evidentiary support for the finding of a causal relationship between the accident and the disability which followed the surgery. We disagree. The growth in claimant's wrist was asymptomatic and not disabling prior to the accident. Indeed, claimant did not know that it existed. Claimant's treating orthopedist, who was present at the biopsy, testified to having observed fractures to the cortex of the bone in the region of the mass. Both he and the impartial expert agreed that physiological changes in the mass and the surrounding bone made them more readily susceptible to

fracture from trauma. The impartial expert further testified that the result of the trauma could contribute to occupationally disabling pain extending beyond the surgical removal of the tumor. This was sufficient to support the Board's determination to extend benefits beyond the date of the initial surgical removal procedure of January 8, 1981. Compensation is not solely dependent upon proof that the employment-related injury caused or aggravated the disease. It is sufficient if "the employment acts upon that disease or condition in such a manner as to cause a disability which did not previously exist" (Matter of Perez v Pearl-Wick Corp., 56 AD2d 239, 241; see also, Matter of Kuczkowski v Bethlehem Steel Corp., 90 AD2d 612, affd 58 NY2d 946; Matter of Tober v Crescent Niagara Corp., 64 AD2d 741, lv denied 45 NY2d 711).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.