## John Paul COX *v.* NASHVILLE LIVESTOCK COMMISSION

CA 88-179                                    771 S.W.2d 786

Court of Appeals of Arkansas
En Banc
Opinion delivered June 7, 1989
[Rehearing denied July 5, 1989.*]

---

*Corbin, C.J., and Cracraft, J., would grant rehearing.

*Wright, Chaney & Berry, P.A.*, by: *William G. Wright*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for appellee.

JOHN E. JENNINGS, Judge. This is an appeal from a decision of the Workers' Compensation Commission denying benefits to the claimant, John Paul Cox. At the time of the hearing, Cox was fifty years of age and employed as manager of the Nashville Livestock Commission. His duties included responsibility for supervising twenty employees, soliciting business, and selling cattle at auction. He also helped load the cattle.

On Wednesday, November 19, 1986, the Nashville Livestock Auction had two cattle sales, one at 1:00 p.m. and another at 7:00 p.m. There were approximately 1,000 head of cattle to be sold that day. Cox testified that during the three days before the auction he had worked from five or six in the morning until midnight or 2:00 a.m., hauling cattle and getting them ready for sale. He testified that he had had no more than three or four hours sleep a night during that time.

Cox began having chest pains Wednesday night and was admitted to the hospital in Nashville early Thursday morning. He was transferred to a hospital in Little Rock the following Monday. He missed a total of two weeks work.

Cox was diagnosed by Dr. Steve Hutchins as having "single vessel coronary artery stenosis." A myocardial infarction (heart attack) was ruled out and the doctor described his chest pain as "unstable angina." Dr. Hutchins wrote:

> [I]t is my opinion that Mr. Cox's heavy workload during this two days certainly aggravated his condition and resulted in unstable symptomology. With proper hospitalization and medical treatment it was then possible for Mr. Cox to return to work once his symptoms had stabilized.

The doctor thought Mr. Cox's prognosis was "excellent."

In his claim, Cox sought neither temporary nor permanent disability benefits, but rather only the payment of his medical expenses. The ALJ awarded benefits and the full Commission reversed relying on our decisions in *Kempner's & Dodson Ins. Co.*

v. *Hall*, 7 Ark. App. 181, 646 S.W.2d 31 (1983), and *Black* v. *Riverside Furniture Co.*, 6 Ark. App. 370, 642 S.W.2d 338 (1982).

On appeal, Cox asks us to overrule our decisions in *Kempner's* and *Black*. We decline to do so because we are convinced that the holding in each case was proper on the facts presented. We are also persuaded, however, that the Commission's decision in the case at bar must be reversed, even though it is supported by a literal reading of some of our language in *Kempner's* and *Black*.

In *Black* v. *Riverside Furniture Co.*, 6 Ark. App. 370, 642 S.W.2d 338 (1982), the appellant was the widow of Lemuel Black. Black was a custodian for Riverside Furniture. He had an angina attack at work and sought medical treatment. He was diagnosed as having two pre-existing heart conditions, arteriosclerosis and atrial septal defect.[1] Surgery was performed to correct both conditions (a double by-pass for the arteriosclerosis) and Black died from complications of the surgery.

The Commission in *Black* denied benefits on the basis that the claimant had failed to prove by a preponderance of the evidence that Black's death was substantially caused by an injury arising out of and in the course of his employment at Riverside Furniture. One doctor testified that Mr. Black's working conditions produced the symptoms of angina, which he described as the "pain message" to the heart, but that no damage is done by the angina in the sense of death of cells. It was his opinion that "Mr. Black's working conditions neither aggravated nor accelerated his two pre-existing heart conditions, but would rather aggravate the symptomology." *Black, supra*, at p. 373. However, another doctor testified that Black's work aggravated both of his pre-existing conditions and was responsible for precipitating his "syncopal episodes." He said that Black's activity at work aggravated both his symptoms and his disease. No doctor testified that Black's surgery was made necessary by the angina.

The issue we were called upon to decide in *Black* was whether there was substantial evidence to support the Commis-

---

[1] "Atrial septal defect" is apparently a hole in an interior wall of the heart. This problem seems to have been congenital.

sion's decision. Although we held that the decision was so supported, we expressed our opinion that there was "ample evidence in the record to sustain the appellant's claim." The claim in *Black* failed because the Commission was not persuaded there was a causal relationship between Mr. Black's angina attack and his subsequent death.

We continued on in *Black*, however, to pose the question "whether or not aggravation of the symptoms of a pre-existing condition is compensable." Clearly it was not necessary to our decision in *Black* to answer that question or establish such a sweeping rule. We cited two cases involving angina attacks, *Duffy* v. *State Accident Insurance Fund*, 43 Or. App. 505, 603 P.2d 1191 (1979), and *Kostamo* v. *Marquette Iron Mining Co.*, 405 Mich. 105, 274 N.W.2d 411 (1977). *Kostamo* was like *Black* in that the issue was whether there was substantial evidence to support the Commission's denial of benefits. The court in *Duffy* merely held that, under the medical evidence presented, the claimant could not obtain a permanent disability award as a result of a work-related angina attack. In *Duffy*, in fact, the claim for treatment of the angina was accepted by the carrier.

In *Kempner's* v. *Hall*, 7 Ark. App. 181, 646 S.W.2d 31 (1983), we said:

> "Angina" is defined not as a disease but as a *symptom* of the underlying disease. The angina is the pain resulting from the underlying disease. In appellee's case it was a symptom of his arteriosclerosis or hardening of the arteries. We have recently held that aggravations of the *symptoms* of a preexisting condition are not compensable. In *Black* v. *Riverside Furniture Co.*, 6 Ark. App. 370, 642 S.W.2d 338 (1982) we held that where working conditions merely aggravated the angina, the symptoms of the preexisting, underlying arteriosclerosis, the employer was not liable for medical expenses or other consequences. (Emphasis in original.)

In the case at bar, the Commission quoted and relied upon this language. *Kempner's*, like *Black*, was a case in which the sole issue was whether there was substantial evidence to support the Commission's decision on a question of fact. In *Kempner's*, the claimant had had an angina attack at home. Subsequently, at

work, he developed chest pains, drove to the hospital, and by-pass surgery was performed. There was testimony that the claimant in *Kempner's* had suffered a heart attack. Our *holding* in *Kempner's* was merely that there was substantial evidence to support the Commission's award of benefits. Our descriptions of "angina" in *Kempner's* and in *Black* were merely recitations of the medical testimony in each case. We have not held that "angina" is a "symptom" as a matter of law.[2] Furthermore, there are substantial difficulties in having the issue of compensability turn on whether something is characterized as a "symptom" or not.

> [I]t becomes a matter of semantics whether the disability is described as a symptom of the disease or a disability to which the exertion was a contributing precipitating factor. It may well be both. The fact finding body must in this event remain the final arbiter of the compensability of the attack, and of whether the disability arose out of the employment as well as in the course of it.

*Cox* v. *Employers Mut. Liab. Ins. Co.*, 122 Ga. App. 659, 660, 178 S.E.2d 287, 288 (1970). We think that our language in *Black* was overbroad. We have not yet held that if an injury may be characterized as an aggravation of the symptoms of a pre-existing disease, it may not be compensable under any circumstances. To the contrary, in *Boyd* v. *General Industries*, 22 Ark. App. 103, 733 S.W.2d 750 (1987), we expressly held that where an on-the-job injury rendered an underlying disease symptomatic, the disability resulting from those symptoms may be compensable. Furthermore, we have not yet *held* that the disability resulting from a work-related angina attack can never be compensable. There is respectable authority to the contrary. *See Jones* v. *Alaska Workmen's Compensation Bd.*, 600 P.2d 738 (Alaska 1979); *H.V. & T.G. Thompson Lumber Co.* v. *Bates*, 148 Ga. App. 810, 253 S.E.2d 213 (1979); *Bertrand* v. *Coal Operators Casualty Co.*, 253 La. 1115, 221 So.2d 816 (1968); *Seals* v. *Potlatch Forest, Inc.*, 151 So.2d 587 (La. Ct. App. 1963); *Canning* v. *State Department of Transportation*, 347 A.2d 605

---

[2] We are not in a position to take judicial notice of what "angina" is. *Stedman's Medical Dictionary* lists twenty-four different types of angina, one of which is angina pectoris, and gives eight definitions for angina pectoris.

(Me. 1975).

In *Dougan* v. *Booker*, 241 Ark. 224, 407 S.W.2d 369 (1966), the court, quoting from *Triebsch* v. *Athletic Mining & Smelting Co.*, 218 Ark. 379, 237 S.W.2d 26 (1951), said:

> Therefore, to summarize: we have in the case at bar undisputed facts which are similar in essential respects to those which existed in the six cases hereinbefore discussed, in each of which compensation was awarded. These facts are: *a pre-existing ailment, an increased and overtaxing effort to accomplish the workload under the conditions existing, and a collapsed worker resulting therefrom.* These make a case of accidental injury within the purview of the workers' compensation law. (Emphasis added in *Dougan.*)

In *Dougan* the claimant had a heart attack, but in *Triebsch* the claimant, who was suffering from a pre-existing respiratory ailment, merely collapsed from overwork.

Our workers' compensation law is essentially statutory. It does not provide that compensability is to turn on the characterization of a problem as a symptom nor on whether there is a finding that heart cells have died. In *Owens* v. *National Health Laboratories, Inc.*, 8 Ark. App. 92, 648 S.W.2d 829 (1983), we said we could conceive of no reason why harm to the body of a worker should be limited to visible physical injury to the bones and muscles. In each case the question is whether the claimant is disabled from an injury arising out of and in the course of employment. *See* Ark. Code Ann. § 11-9-401 (1987).

In the case at bar we hold only that the Commission erred in concluding that appellant's claim for medical expenses was foreclosed by our decisions in *Black* and *Kempner's.* We reverse and remand this case to the Commission for further proceedings not inconsistent with this opinion.

Reversed and remanded.

MAYFIELD and ROGERS, JJ., concur.

CRACRAFT, J., and CORBIN, C.J., dissent.

MELVIN MAYFIELD, Judge, concurring. I concur in the

result of the majority opinion. I think the distinction between this case and *Black* v. *Riverside Furniture Company*, 6 Ark. App. 370, 642 S.W.2d 338 (1982), is that the widow of the deceased worker in *Black* was denied benefits because the Commission found, as the last sentence in the opinion states, that the worker's "death was caused by arterial by-pass surgery to correct the previous heart condition of arteriosclerosis, and there is substantial evidence to support the Commission's finding that [his] death did not arise out of and in the course of his employment." The opinion in *Black* makes it clear that working conditions that "merely" accelerate symptoms of a disease are not compensable.

Here, however, we have symptoms that may have been disabling in and of themselves. When such symptoms are caused by work which aggravates a preexisting condition, the medical expense and disability resulting therefrom should be compensable. Therefore, I concur in the remand of this case to the Commission.

ROGERS, J., joins in this concurrence.

GEORGE K. CRACRAFT, Judge, dissenting. I disagree that the language in *Black* v. *Riverside Furniture Co.*, 6 Ark. App. 370, 642 S.W.2d 338 (1982), was overbroad and unnecessary to our decision in that case, or that we have in some way misled the Commission. In my opinion, the Commission fully comprehends what that case holds and properly applied it here.

The issue of whether symptoms of a disease were compensable, where the work caused no aggravation of the underlying disease, was not only necessary to our decision in *Black*, it was, in my thinking, the basic issue decided. To me, at least, nothing could more clearly state the issue than the following language employed by Judge Cloninger, speaking for a unanimous court:

> We have a situation in this case which has not been specifically addressed before in this jurisdiction; namely, whether or not aggravation of the symptoms of a preexisting condition is compensable.

*  *  *

In the case before the court, although Dr. Gilliland testified that Mr. Black's working conditions accelerated

and aggravated his pre-existing heart conditions, both Dr. Patrick and Dr. Pruitt testified *that it merely accelerated his symptoms in the form of angina pectoris.*

*Black*, 6 Ark. App. at 374-75, 642 S.W.2d at 341 (emphasis added).

Here, the majority states that the only issue we had to decide in *Black* was whether the Commission's finding that appellant had failed to prove that her husband's death was the result of his employment was supported by substantial evidence, and that it was not necessary for us to discuss compensability of "symptoms." However, only by facing up to the issue referred to by Judge Cloninger could that standard of review be properly applied. Had we decided that an aggravation of the symptoms of an underlying disease was a compensable "injury" *per se*, an entirely different result would have been mandated, as all three doctors would have been in accord that the deceased's surgery and consequential death resulted from a compensable injury. If the majority thinks it proper to overrule *Black* and those cases following it, so be it; but to hold that this declaration in *Black* was overbroad, unintentional, or unnecessary to this opinion is wrong.

Secondly, I think the rule announced in *Black* is sound and in keeping with the basic concepts of our Workers' Compensation Act. Our Act affords relief for loss of ability to earn because of *accidental injury* arising out of and in the course of an employment. It includes compensation for disease only if it is an occupational one as defined by our law, or is aggravated by the work. The symptomatology suffered by the appellant in this case was that of heart disease, not an occupational one. There was no evidence that the underlying heart disease was aggravated or enlarged by appellant's employment. Our Act was not intended to afford general health insurance or to provide coverage for an illness or symptoms of an illness contracted elsewhere, which is brought into the workplace by the worker and which continues in the same degree after he leaves it. This was the rationale of our decision in *Black*, and I think it is the correct one to apply in cases of this nature.

Nor can I agree that *Boyd* v. *General Industries*, 22 Ark. App. 103, 733 S.W.2d 750 (1989), has any application to this case. *Boyd* and those cases it relies on hold nothing more than

146

that:

> [W]hen there has been a *physical accident or trauma*, and claimant's *disability* is *increased or prolonged by* traumatic neurosis, conversion hysteria, or hysterical paralysis [or effects of another latent prior condition that are precipitated by the compensable, on-the-job injury], it is now uniformly held that the full disability including the effects of the neurosis is compensable.

*Id.* at 108, 733 S.W.2d at 752 (emphasis added) (quoting *Wilson & Co. v. Christman*, 244 Ark. 132, 141, 424 S.W.2d 863, 869 (1968)). Here, there was no physical, on-the-job injury and, therefore, no compensable disability resulting therefrom *to be* "increased or prolonged" by the effects of appellant's latent prior condition.

CORBIN, C.J., joins in this dissent.