NASHVILLE LIVESTOCK COMMISSION and U.S. Insurance Group *v.* John Paul COX

89-178                                    787 S.W.2d 664

Supreme Court of Arkansas
Opinion delivered April 16, 1990

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for appellants.

*Wright, Chaney & Berry, P.A.*, for appellee.

DAVID NEWBERN, Justice. The Arkansas Workers' Compensation Commission refused compensation to the respondent, John Paul Cox. Due to unusual circumstances, Cox was required by his employer, Nashville Livestock Commission (NLC), to

work extra hours over a three-day period. He suffered chest pain and was disabled and hospitalized. The workers' compensation commission's decision was based upon language found in *Black* v. *Riverside Furniture Co.*, 6 Ark. App. 370, 642 S.W.2d 338 (1982) and *Kempner's & Dodson Ins. Co.* v. *Hall*, 7 Ark. App. 181, 646 S.W.2d 31 (1983). We granted review of the court of appeals plurality decision which remanded the case to the commission. The court of appeals held that the statements in those two cases which the commission considered to be governing, were *obiter dicta*, and thus the workers' compensation commission should not have regarded them as controlling of this case. While we agree with that conclusion, we also conclude that the court of appeals should have decided the fundamental question whether a disabling symptom of an underlying disease may be the basis of compensation if it is brought on by exertion in the course of employment. We hold that the work-related occurrence of a disabling symptom of underlying heart disease is compensable. The court of appeals decision is thus reversed and remanded.

The references in the *Black* and *Kempner's* opinions to symptomology aggravation being noncompensable were clearly unnecessary to the decisions of those cases. In the *Black* case, the issue was solely whether there was sufficient evidence to support the workers' compensation commission's conclusion that a claim for death benefits should be denied. The claimant had an underlying heart condition which had not been shown to have been aggravated by employment. Nor had it been shown that the claimant's employment was the reason for surgery resulting in death. The claim was a death claim and not one for benefits for disability resulting from an angina attack. In the *Kempner's* case, the holding was simply that the testimony of a physician was sufficient to support the commission's decision that an infarction which had occurred was work related. There was discussion of the language in the *Black* case, and even a statement that the *Black* case "holding" was that a disability resulting from a symptom such as angina was not compensable. That discussion, however, clearly was not necessary to the decision and thus was an *obiter dictum. W.S. Kirkpatrick & Co., Inc.* v. *Environmental Tectonics Corp., International*, No. 87-2066, slip op. (U.S., January 17, 1990).

The workers' compensation commission's opinion in the case

before us now contained the following:

The claimant testified that he previously had heart problems in 1977. During a six month time period the claimant experienced weakness, shortness of breath and tightness in his chest. The claimant was hospitalized three or four times and was diagnosed as having minor heart blockage. Claimant attempted to refute that diagnosis by testifying that he later was rediagnosed as having a nervous condition from being around groups of people.

At the time of his alleged injury, the claimant was the manager of the Nashville Livestock Commission. As manager he participated in soliciting business, gathering cattle, and getting cattle ready for weekly sales. On November 19, 1986, cattle sales were scheduled for 1:00 p.m. and 7:00 p.m. Claimant testified that he began getting ready for the Wednesday sales on Sunday and that he had been working from 5:00 or 6:00 a.m. until 12:00 to 2:00 each night from Sunday through Wednesday. Shortly after the beginning of the 7:00 sale, claimant experienced pain in this chest and left arm and felt sick at his stomach. The claimant took some medicine and continued working until 2:30 or 3:00 a.m. Later that night, claimant awoke with severe chest pains and was taken to Nashville Hospital.

Claimant was examined by Dr. Pye, a general practitioner in Nashville, and was later referred to Dr. Hutchins, a cardiologist at the U of A Medical Center in Little Rock. Dr. Hutchins diagnosed claimant as having a pre-existing heart condition; namely single vessel coronary artery disease, and stated that claimant's working conditions aggravated angina, a symptom of this pre-existing condition. Claimant then filed a workers' compensation claim alleging that the chest pains arose out of and during the course and scope of his employment causing him to incur hospital and medical bills.

The commission concluded that "claimant's working conditions merely aggravated angina, a symptom of claimant's pre-existing condition, and is not compensable."

Under our workers' compensation law, an employer pays compensation to an employee for "disability or death from injury arising out of and in the course of employment without regard to fault as a cause of the injury." Ark. Code Ann. § 11-9-401(a)(1) (1987). The employer must also promptly provide such medical services to any injured employee as are reasonably necessary. Arkansas Code Ann. § 11-9-508(a) (1987). " 'Injury' means only accidental injury arising out of and in the course of employment, including occupational diseases . . . and occupational infections arising out of and in the course of employment." Ark. Code Ann. § 11-9-102(4). " 'Disability' means incapacity because of injury to earn, in the same or other employment, the wages which the employee was receiving at the time of the injury." Ark. Code Ann. § 11-9-102(5) (1987).

There is no question that Cox's condition was disabling. The argument here centers on whether Cox suffered an "injury." Cox argues an incident of angina which arises out of and in the course of employment is an "injury." NLC argues such an incident cannot constitute an injury unless there is a change, such as an infarction which damages heart tissue, in the physical condition of the claimant. Other than the *obiter dicta* in the *Black* and *Kempner's* cases, the only authority cited for that statement by NLC is *Sowders* v. *Mason & Dixon Lines, Inc.*, 579 S.W.2d 380 (Ky. App. 1979), which, as Cox points out, was based upon a Kentucky statute which specifically defined "injury" as "work related harmful change in the human organism."

Cox cites a number of cases from other jurisdictions which have allowed recovery for angina pectoris attacks resulting in disability absent a showing of an aggravation, in the sense of making an underlying arteriosclerosis or septal effect worse, of the underlying heart condition which caused the pain. *Jones* v. *Alaska Workers' Compensation Board*, 600 P.2d 738 (Alaska 1979); *Canning* v. *State Department of Transportation*, 347 A.2d 605 (Me. 1975); *Bertrand* v. *Cole Operator's Casualty Company*, 253 La. 1115, 221 So. 2d 816 (1968); and *H.V. & T.G. Thompson Lumber Co.* v. *Bates*, 148 Ga. App. 810, 253 S.E.2d 213 (1979).

In addition to those cases, we have studied *Crum* v. *General Adjustment Bureau*, 738 F.2d 474 (D.C. Cir. 1984), which arose

under the Longshoreman's and Harbor Workers Compensation Act which, at 33 U.S.C. § 902(2), defines "injury" much the same as our statute quoted above. The employer made exactly the same argument as that made by NLC here. The employer argued that no compensable injury had been suffered because angina is not a disease but merely a symptom, and as the employment did not cause the underlying disease, there could be no recovery under the act. The court held that the disabling onset of angina was an "injury" within the meaning of the act and cited other cases where compensation had been allowed despite the fact that the underlying disease or condition had not been caused by the employment, such as back pain in a person suffering spina bifida, pain resulting from varicose veins which prevented the claimant from standing for long periods, and aggravation of underlying psoriasis. 738 F.2d at 478. *See also Perrin* v. *Baldwinsville VF Co.*, 494 N.Y.S.2d 169 (1985).

■■ In workers' compensation law the employer "takes the employee as he finds him" and employment circumstances which aggravate pre-existing conditions are compensable. *See McGregor & Pickett* v. *Arrington*, 206 Ark. 921, 175 S.W.2d 210 (1943); *Green* v. *Lion Oil Co.*, 215 Ark. 305, 220 S.W.2d 409 (1949). 1 A. Larson, *The Law of Workmens' Compensation*, § 12.20 (1985). We see no reason to hold that a person who is disabled from pain causally related to his or her employment and resulting from an underlying physical condition should be any less entitled to workers' compensation benefits just because there is no change in that underlying condition. For years this court has labeled myocardial infarctions, "heart attacks," as "injuries" in the parlance of the workers' compensation act. R. B Leflar, Compensation for Work-Related Illness in Arkansas, 41 *Ark. L. Rev.* 89 (1988), citing as examples, *Hoerner Waldorf Corp.* v. *Alford*, 255 Ark. 431, 500 S.W.2d 758 (1973); *Reynolds Metals Co.* v. *Cain*, 243 Ark. 483, 420 S.W.2d 872 (1967); and *McGregor & Pickett* v. *Arrington, supra.* When there is a work-related disabling angina attack, the disability, although temporary as in this case, is no less a disability. The expense of hospitalization and related medical treatment may be less in the case of an angina attack resulting purely from underlying heart disease than with respect to an angina attack which symptomizes an accompanying infarction or other tissue change, but we can

think of no reason why there should be compensation for one but not the other if both are brought on by employment. Our holding here is that an attack of angina pectoris which results in disability as defined in the workers' compensation act may constitute an injury giving rise to compensation under the act if it arises out of and occurs in the course of employment.

Cox's reply brief suggests that the commission has not decided whether the angina was caused by his employment. Our reading of the commission's opinion quoted in part above is that a finding of a relationship between the angina and the employment was made and is clearly shown in the commission's statement that the angina was aggravated by the employment. The case will nonetheless have to be remanded to the commission to determine the amount of compensation to which Cox is entitled.

Reversed and remanded.

HAYS and TURNER, JJ., dissent.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. I agree with the majority and write only to renew my concurring view in *Black* v. *Riverside Furniture Co.*, 6 Ark. App. 370, 375, 642 S.W.2d 338, 341 (1982) (Glaze, J., concurring). *Black* involved a non-work related death case, not a disabling angina case. If the evidence in *Black* had shown Black's angina pains had hastened his death, I believe the court would have held the claim compensable. Nonetheless, the medical evidence in *Black* was lacking in this respect, and the widow's claim was properly denied.

Here, appellant also relies upon *Kempner's* v. *Hall*, 7 Ark. App. 181, 646 S.W.2d 31 (1983), but that case involved a heart attack, which the Workers' Compensation Commission found work-related and compensable and the court of appeals affirmed. Again, disabling angina was not the issue there, but I point out that the court of appeals upheld Hall's heart attack as compensable because the medical evidence showed his work-related angina pains precipitated his myocardial infarction.

The present case is the first one where an employee's claim was based upon disabling angina. While there are dicta in *Black* (and mentioned in *Kempner's*) that indicate angina pectoris is not

compensable, the cases cited and relied on in *Black* do not support such a view. In fact, the *Black* decision cites *Duffy* v. *State Accident Insurance Fund*, 43 Or. App. 505, 603 P.2d 1191 (1979), but that case specifically notes that the Fund accepted angina attacks as compensable. In fact, the Workers' Compensation referee and Board made a permanent partial disability award for the claimant's angina condition and the Fund never challenged that award. Instead, the only issue raised by the Fund was its denial that it was responsible for the claimant's underlying heart ailment.

The *Black* opinion also relied upon *Kostamo* v. *Marquette Iron Mining Co.*, 405 Mich. 105, 274 N.W.2d 411 (1979), which, in my opinion, is no authority for disallowing disabling angina. *Kostamo* involved five cases where the claimants suffered from arteriosclerotic heart disease. The Michigan Supreme Court simply affirmed the Workers' Compensation Appeal Board in each case, four where the Board concluded the claimant failed to show a relationship between his heart attack or death and his employment and one where the Board held the claimant had met his burden of proof. None of the five cases in *Kostamo* involved the issue we have before us now, *viz.*, whether disabling angina is compensable.

Almost appellant's entire argument is based upon *Black* and *Kempner's*, which, for the reasons above, are neither controlling nor persuasive on the angina issue presented here. The majority opinion, on the other hand, sets forth sound logic and legal authority why angina, if shown to be work-related, should be compensable. The Commission found the claimant's disabling angina related to his work conditions. Therefore, I agree with this court's remand of the case to the Commission to determine the amount of benefits due the claimant.

Otis H. Turner, Justice, dissenting. The majority of this court has now traversed the final hurdle and has effectively made *any* claim arising from a heart condition a compensable claim under the Arkansas Workers' Compensation Law. Stated another way, workers' compensation insurance has now clearly become health insurance as far as the law relates to heart cases. The only requirement appears to be that the claimant be gainfully employed by an employer covered by the Workers' Compensation

Act.

Volumes have been written on both sides of the question on whether heart conditions are job-related. There is no longer any room for debate that under our holdings a *disabling* heart condition is compensable if it can somehow be related to the claimant's employment. However, this court has never implied, before today's holding, that medical expenses arising from underlying symptomology are reimbursable through workers' compensation, even if the underlying condition in and of itself does not give rise to a compensable claim.

The majority chooses to distinguish the only previous Arkansas cases on the subject of aggravation of symptoms, *Black* v. *Riverside Furniture Co.*, 6 Ark. App. 370, 642 S.W.2d 338 (1982), and *Kempner's* v. *Hall*, 7 Ark. App. 181, 646 S.W.2d 31 (1983), by finding that the language there relating to compensability of symptomology was *"obiter dicta." Obiter dicta* is defined by Black's Law Dictionary (5th ed. 1979) as "Words of an opinion entirely unnecessary for the decision of the case. . . . A remark made, or opinion expressed, by a judge, in his decision upon a cause, 'by the way,' that is, incidentally or collaterally, and not directly upon the question before him, or upon a point not necessarily involved in the determination of the cause, or introduced by way of illustration, or analogy or argument. Such are not binding as precedent."

In *Black,* the decedent became ill at work and was off for five days while being treated by a physician. He again became ill at work, and the doctor diagnosed the ongoing problems as arteriosclerosis and atrial septal defect and prescribed by-pass surgery. The worker ultimately died from complications of the operation.

There were obvious medical expenses in *Black*, but in affirming the Workers' Compensation Commission's decision and denying compensability, Judge Cloninger said:

> We have a situation in this case which has not been specifically addressed before in this jurisdiction; namely, whether or not aggravation of the symptoms of a pre-existing condition is compensable. It is not controverted that Mr. Black had two pre-existing heart conditions. His work aggravated the symptoms of those conditions, con-

sisting of chest pains which is called angina pectoris. Mr. Black's injury, his death, was the result of bypass surgery which was conducted to correct the pre-existing heart condition.

I do not consider that language to be incidental, collateral, or "entirely unnecessary."

Nor do I believe the language of the Court of Appeals in *Kempner's* to be incidental, collateral, or "entirely unnecessary." In *Kempner's*, the employee had several separate episodes of angina while performing his employment duties. The pain became so great that he eventually went to a hospital and thereafter submitted to by-pass surgery. The issue was whether the surgery was elective, undertaken to alleviate pain caused by arteriosclerosis pre-existing the employment. In *Kempner's* the Court of Appeals, though finding the heart condition was job-related and compensable, said:

> In order to understand the argument and the issue of this appeal two medical terms must be defined and the action our courts have previously taken with respect to this type case should be reviewed. These definitions are generally accepted and are supported by the medical testimony in the record before us. "Angina" is defined not as a disease but a *symptom* of the underlying disease. The angina is the pain resulting from the underlying disease. In appellee's case, it was a symptom of his arteriosclerosis or hardening of the arteries. We have recently held that aggravation of the *symptoms* of a pre-existing condition are not compensable. In *Black* v. *Riverside Furniture Co.*, 6 Ark. App. 370, 642 S.W.2d 338 (1982), we held that where working conditions merely aggravated the angina, the symptoms of the pre-existing, underlying arteriosclerosis, the employer was not liable for medical expenses or other consequences.

*Obiter dicta*, like beauty, is in the eyes of the beholder. In my opinion we are overruling *Black* and *Kempner's* and expanding the application of the workers' compensation law.

I respectfully dissent.

HAYS, J., joins in this dissent.